This case presents purely a question of law. It involves the interpretation of Sections 31 and 18 of Act 20 of 1914, with amendments, (our Workmen's Compensation Statute). These sections deal with the time limit and the procedure for the bringing of an action under the Act. Section 31 provides that "in case ofpersonal injury (including death resulting therefrom) allclaims for payments shall be forever barred unless within one year after the accident or death the parties shall have agreed upon the payments to be made under this Act or unless within one yearafter the accident, proceedings have been begun as provided inSections 17 and 18 of this Act." Act No. 85 of 1926. (Italics ours.) With reference to the procedure it is provided under Section 18 (Section 17 not being involved in this case) that the action *West Page 25 
must be brought in a district court which would have jurisdiction in a civil case or the district court of the Parish in which the injury was done or the accident occurred or in any court at the domicile, or at the principal place of business, of the defendant having jurisdiction of the amount of dispute, at the option of the plaintiff.
It appears that the plaintiff was employed in Caddo Parish, Louisiana, in the motor transportation business, by L.T. Campbell, a resident of Gregg County, Texas, and that the said Campbell carried workmen's compensation insurance under the terms of the Louisiana statute with the defendant insurance company, a corporation domiciled and having its principal place of business out of the State of Louisiana, but doing business in the State of Louisiana.
It further appears that plaintiff was injured in Cass County, Texas, on or about November 27, 1936, while in the employ of the defendant, L.T. Campbell, for which injuries he is now seeking compensation.
It further appears that the plaintiff first filed his claim for compensation with the Industrial Accident Board of Texas, and, upon being denied relief by that agency, on October 13, 1937, filed suit against the legal representatives of Campbell, he having died in the meantime, and against his insurer, in the District Court of Gregg County, Texas, praying for compensation under the terms of the Louisiana Workmen's Compensation Law. The defendants filed a general demurrer to this suit, based, in the main if not entirely, on lack of jurisdiction of the Texas court. The demurrer was sustained and plaintiff's suit was dismissed on January 15, 1938.
After the dismissal of his suit by the District Court of Gregg County, Texas, plaintiff filed suit, on February 15, 1938, in the District Court of Caddo Parish, Louisiana, obviously with the hope of obtaining personal service on the legal representatives of L.T. Campbell, which hope was never realized. The insurance company was cited through the Secretary of State of Louisiana, and made a special appearance to enter an exception of no jurisdiction ratione personae, which exception was properly sustained by the Caddo Parish court.
On March 6, 1940, while the suit was still pending in Caddo Parish, plaintiff filed his suit in the District Court of East Baton Rouge Parish, and was there met (1) with an exception of lis pendens based on pendency of the action in Caddo Parish; (2) with an exception of no jurisdiction ratione personae and ratione materiae; (3) an exception of vagueness on the ground that plaintiff's petition failed to state whether the accident occurred in Louisiana or in Texas; and (4) a plea of one and two years' peremption.
The plea of lis pendens was abandoned upon the dismissal of the suit in Caddo Parish. The exception to the jurisdiction was also dismissed, on the ground that the insurance company could be sued in East Baton Rouge Parish, the domicile of the Secretary of State, its process agent. The exception of vagueness was sustained and plaintiff given ten days in which to amend his petition, and it was then agreed between the parties that the accident occurred in Cass County, Texas, in satisfaction of the plea of vagueness. The plea of peremption was sustained, and it is from the judgment sustaining this plea that plaintiff appeals, and consequently the only question before us is whether or not plaintiff's suit was perempted.
Since the suit in East Baton Rouge Parish was not filed until after two years from the date of dismissal of plaintiff's suit by the District Court of Gregg County, Texas, it is unnecessary for us to discuss the legal effects of the filing of plaintiff's suit in Gregg County, Texas, unless we can find that the Caddo Parish suit tolled the peremption statute. By filing his suit in Caddo Parish plaintiff knowingly took the chances of securing personal service on the defendants, and should that have happened undoubtedly the peremption statute would have been tolled, but since personal service was not obtained in the Caddo Parish suit it cannot be said that that suit had any effect on the case, since the Caddo Parish Court never had jurisdiction ratione personae of either defendant. In other words, it is our opinion that the Caddo Parish suit had no more effect on the peremption statute than a suit in any other court having only potential jurisdiction of the case.
As to the suit in East Baton Rouge Parish, we are of the opinion that it was properly filed and that the court had jurisdiction, but because more than two years had expired since the dismissal of the suit by the District Court of Gregg County, Texas, the cause of action was *West Page 26 
perempted under the terms of the statute. We fully realize that the compensation law was written for the benefit principally of the employee and should be liberally interpreted, and we wish that we could find some reasonable theory under which plaintiff's case could be tried on its merits.
Plaintiff, in his original brief, contends that by virtue of Act 39 of 1932, the filing of his action in Caddo Parish interrupted the period of peremption. Yet in his supplementary brief, he admits that Act 39 of 1932 has no application to the case at bar, but seriously contends that Civil Code, Article 3518 does apply, and Section 31 of the compensation statute is a statute of prescription rather than of peremption.
In several cases in which Section 31 was involved, the courts of this State, including ours, have indiscriminately referred to the limitation period as therein contained as a plea of prescription or peremption. However, we feel that this question has been finally put to rest by the decision of the Supreme Court in the case of Brister v. Wray Dickinson Co., Inc.,183 La. 562, 164 So. 415, wherein that court drew the distinction between the two terms and left but little doubt that the limitation provided in said Section 31 was one of peremption, and not of prescription.
The several courts of this State had under consideration Civil Code, Article 2315 and other similar articles or statutes of the State dealing with peremptive periods. They, in those decisions dealing with peremptive period, decided that Articles of the code dealing with "the Causes Which Interrupt Prescription" and "the Causes Which Suspend the Course of Prescription" (3516-3527), do not apply to peremptive periods. See Matthews v. Kansas City S. Ry. Co., 10 La.App. 382, 120 So. 907 and the cases therein cited and discussed. We are therefore of the opinion that Article 3518 has absolutely no application to the case at bar.
As previously stated, it is our conclusion that the peremptive period was not suspended by the filing of the suit in Caddo Parish, and since more than two years intervened between the dismissal of the suit in the Texas court and the filing of the suit in East Baton Rouge Parish, we fully agree with the trial judge that plaintiff's cause of action is perempted, regardless of the effect of the Texas suit, and accordingly the judgment appealed from is affirmed.