Kenneth WELSH, Appellant,

v.

William C. HAFEMAN, Appellee.

No. 6157.

United States Court of Appeals
Tenth Circuit.

Dec. 30, 1959.

Don W. Noah, Beloit, Kan., and William J. Cayias, Salt Lake City, Utah, for appellant.

Gordon R. Strong, Salt Lake City, Utah (Benjamin L. Rich, Salt Lake City, Utah, and Evart Mills, McPherson, Kan., were with him on the brief), for appellee.

Before HUXMAN, PICKETT and LEWIS, Circuit Judges.

HUXMAN, Circuit Judge.

This is an action brought by the American Mutual Liability Insurance Company under the Kansas Workmen's Compensation Act for the benefit of itself and Kenneth Welsh. It was brought in the name of Kenneth Welsh. American Mutual was the insurance carrier under the workmen's compensation act for Welsh's employer.

The action is predicated on an accident on or about September 9, 1951, on the highways of Kansas, between an automobile operated by appellee Hafeman and the vehicle in which Kenneth Welsh was a passenger. The vehicle in which Welsh was a passenger was being operated by Marvin Johnson. Welsh and Johnson at the time were both employees of the Fairmont Foods Company and were operating in the course and scope of their employment. Hafeman received orders and reported for duty in the Marine Corps approximately October 1, 1951, at Pensacola, Florida.

American Mutual Liability Insurance Company was the compensation carrier for the Fairmont Foods Company, and, as such, made certain payments to or on behalf of Welsh, under the workmen's compensation act in Kansas. This action was filed May 15, 1958, in Utah, approximately seven years after the cause of action arose in Kansas.[1]

---

1. Chapter 44, Workmen's Compensation Act provides: "44-504. Remedy against negligent third party; employer subrogated, when; lien; limitation of actions. When the injury or death for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman, his dependents or personal representatives shall have the right to take compensation under the act and pursue his or their remedy by proper action in a court of competent jurisdiction against such other person. In the event of recovery from such other person by the injured workman, or the dependents or personal representatives of a deceased employee by judgment, settlement or otherwise, the employer shall be subrogated to the extent of the compensation and medical aid provided by him to date of such recovery and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien.

After a pretrial hearing on March 13, 1959, the trial court entered a judgment dismissing the action on the merits and with prejudice. The basis of the court's decision was that under the Kansas Workmen's Compensation Act, it was required that the action be filed within two years.

The case of Terrell v. Ready Mixed Concrete Company, 174 Kan. 633, 258 P.2d 275, 279, supports the conclusion of the court. That case involved the identical question we have here. The question there was whether an action against a third party could be brought under the provisions of the Kansas Workmen's Compensation Act after two years from the date of the accident. The court answered in the negative. That case, as this one, was a case by the insurance carrier against the defendant for the benefit of itself and the insured as their interests might appear. The court held that although Terrell's cause of action was a common law action and passed by statutory assignment to the insurance carrier, the latter "had the right to institute the instant action only by virtue of the provisions of the workmen's compensation act, *and its right in that respect is governed by the act.*"[2] The court further said, "On the other hand, if the employer's right to maintain the action is dependent on a right conferred under the workmen's compensation act, he must comply not only with its terms, but be bound by such privileges as are conferred upon him by the act, and not take advantage of a privilege conferred by the code of civil procedure." The court made it clear that the cause of action being created by the workmen's compensation act was controlled by the provisions of that act, including the time within which such an action must be brought. The court specifically held that the general provisions of the code of civil procedure fixing the time within which actions might be brought had no application to an action under the workmen's compensation act. It was held that the action not being filed within two years was barred and was not waived by the general provisions of the code giving additional time under certain circumstances for the filing of an action.

Because of the conclusions we have reached, we deem it unnecessary to consider the provisions of the general code of procedure of the State of Kansas with respect to time for filing actions against those who are absent from the State. Neither do we feel it necessary to consider appellant's contention that Welsh was in the military service and was thus entitled to the benefits of the Soldiers' and Sailors' Civil Relief Act (50 U.S.C.A. Appendix, § 525). The short answer to that contention, assuming that it would be availing to Welsh, is that this action was brought by a third party beneficiary, a corporation.

Affirmed.

---

Such action against the other party, if prosecuted by the workman, must be instituted within one year from the date of the injury, and, if prosecuted by the dependents or personal representatives of a deceased workman, must be instituted within eighteen months from the date of such injury. Failure on the part of the injured workman, or the dependents or personal representatives of a deceased workman to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which the workman or the dependents or personal representatives of a deceased workman may have against any other party for such injury or death, and such employer may enforce same in his own name or in the name of the workman, dependents or personal representatives for their benefit as their interest may appear by proper action in any court of competent jurisdiction."

2. Emphasis supplied.