204 So.2d 665 (1967)
Mr. and Mrs. Rufus MARSHALL, Jr., Plaintiffs-Appellees,
v.
SOUTHERN FARM BUREAU CASUALTY CO. et al., Defendants-Appellants.
No. 2126.
Court of Appeal of Louisiana, Third Circuit.
November 29, 1967.
Rehearing Denied December 28, 1967.
Writ Refused February 19, 1968.
*666 Davidson, Meaux, Onebane & Donohoe, by Timothy J. McNamara, Lafayette, for defendants-appellants.
J. Minos Simon, Lafayette, for plaintiffs-appellees.
Before FRUGÉ, SAVOY, and LEAR, JJ.
LEAR, Judge.
Mr. and Mrs. Rufus Marshall, Jr., alleging their marriage and cohabitation in St. Martin Parish, Louisiana, filed a joint petition seeking damages for the wrongful death of their eight-year-old child, Gerald Paul Marshall, who was living with petitioners at the time of his death.
Six defendants were cited as being solidarily liable and to properly group these defendants for an understanding of their relationship to the incident, a short statement of the case seems advisable.
It was alleged that one Lawrence Dugas, a defendant, occupied certain premises on Louisiana Highway 347 and there is established on these premises a sugar cane loading facility. It was alleged that on December 15, 1962, the date of the accident, Lawrence Dugas, Ward Dugas, another defendant, and Fred Dugas, who died before the institution of these proceedings, were engaged in a joint or combined sugar cane loading operation.
Defendant Ward Dugas owned a Chevrolet pickup truck which on the date in question was being operated by one George Crosby, also named as defendant, who was a minor aged 15 on the date of the accident.
Defendant Bertrand Laperouse was alleged to have owned a 1954 Ford tractor *667 and a trailer equipped with a cane-hauling body. On the date of the accident this vehicle was being operated by Charles Laperouse who was alleged to be the son and an employee of Bertrand Laperouse. The specific allegation was made that Charles Laperouse was operating the vehicle with the express permission and consent and for the business and benefit of his said father.
Southern Farm Bureau Casualty Company was named as defendant under the allegations that it carried the public liability insurance on both motor vehicles described above.
The relationship of Lawrence Dugas to Fred Dugas and Ward Dugas is alleged to be either that of an employee or a person conducting his own harvesting, loading and hauling work in combination with Fred Dugas and/or Ward Dugas.
The petition is primarily predicated upon the doctrine of res ipsa loquitur, although some acts are alleged which seem to be allegations of negligent activity. For example, it is alleged that a trailer of the size of that belonging to Bertrand Laperouse generally carried no more than seven or eight loads of cane on one trip, but that on the morning of the date of the accident, this particular trailer had been loaded at the Lawrence Dugas derrick with nine loads of cane, which was categorized as a dangerously heavy load. Further, it is alleged that due to this extremely heavy load the Ford truck and trailer were being driven along the highway and its shoulder in a manner dangerous to persons on or near said shoulder. By a close reading of the petition, it can be concluded that petitioners charge young George Crosby with negligent failure to keep a proper lookout.
On behalf of the minor, George Crosby, an exception to procedural capacity was filed. This exception was taken under advisement by the trial judge, but it does not appear that any ruling was ever had thereon.
All defendants filed a "plea of peremption" alleging that the child died on December 15, 1962, and showing that suit was not filed until June 15, 1966.
Petitioners met this issue by an "exception of estoppel and res judicata" directed to defendants' plea of peremption. Petitioners' exception showed that within one year of the date of the death petitioners had filed suit in the United States District Court against Southern Farm Bureau Casualty Insurance Company. This suit was dismissed by the United States District Court, its judgment was affirmed by the United States Court of Appeals for the Fifth Circuit and the Supreme Court of the United States denied an application for writs on April 18, 1966. The District Court held, and correctly so, that the pendency of that matter in the Federal Court suspended the prescriptive or peremptive period from the time it was filed, July 11, 1963, to the action of the United States Supreme Court on April 18, 1966.
Thereupon, all defendants, with the exception of the minor, George Crosby, answered to plaintiffs' petition.
These defendants admitted that on the date of the accident, cane loading operations were being conducted at the Lawrence Dugas derrick and that Lawrence Dugas was present, operating the derrick. They further admitted that about 11:00 A.M. on December 15, 1963, the trailer belonging to Mr. Bertrand Laperouse was loaded with approximately nine loads of cane and was then driven towards St. Martinville at a slow rate of speed. They admitted that Ward Dugas owned the Chevrolet pickup truck which was being driven by George Crosby and admitted that defendant, Southern Farm Bureau, had in full force and effect two public liability insurance policies issued to Bertrand Laperouse and to Ward Dugas. They admit the accident and the death on the same day of the minor, Gerald Paul Marshall. All other pertinent allegations were denied.
*668 Defendants then proceeded to deny negligence on the part of either of them and in the alternative pleaded the contributory negligence of the deceased minor.
Subsequently, an answer was filed on behalf of the minor, George Crosby, in the same form and substance as the answer described above.
On March 1, 1967, the case was called for trial by jury. On March 6, 1967, the jury returned its verdicts as follows:
"Verdict for Mr. Rufus Marshall, Jr. in the amount of $10,444.93 (Ten thousand four hundred forty-four and 93/) against the following defendants:
 (Check correct blank)
 Southern Farm Bureau Casualty
 Insurance Company Yes X No ___
 George Crosby Yes ___ No X 
 Ward Dugas Yes X No ___
 Lawrence Dugas Yes ___ No X 
 Charles Laperouse Yes ___ No X 
 Bertrand Laperouse Yes X No ___
 s/ Dalton J. Landry, Foreman"
"Verdict for Mrs. Rufus Marshall, Jr. in the amount of $5,000.00 against the following defendants:
 (Check correct blank)
 Southern Farm Bureau Casualty
 Insurance Company Yes X No ___
 George Crosby Yes ___ No X 
 Ward Dugas Yes X No ___
 Lawrence Dugas Yes ___ No X 
 Charles Laperouse Yes ___ No X 
 Bertrand Laperouse Yes X No ___
 s/ Dalton J. Landry, Foreman"
An exception of no right or cause of action was filed based upon the proposition that plaintiffs failed to prove that they were duly married and that the decedent was their legitimate child. This exception was overruled by the court on the same day it was filed.
On March 14, 1967, judgment was signed decreeing judgment in favor of plaintiff Rufus Marshall, Jr., in the sum of $10,444.93 against Bertrand Laperouse, Ward J. Dugas and Southern Farm Bureau Casualty Insurance Company jointly, severally and in solido. It further awarded Mrs. Rufus Marshall, Jr., the sum of $5,000.00 against these three defendants.
The judgment then dismissed plaintiffs' suit against the defendants, George Crosby, Charles Laperouse and Lawrence Dugas.
Thus we see that the jury awarded judgment against the owners of the two vehicles and their mutual liability insurer, but denied *669 judgment against the drivers of those vehicles and denied judgment against Mr. Lawrence Dugas who was, in effect, charged with the negligent overloading of the cane truck.
From this judgment the defendants cast perfected a suspensive appeal to this court. The plaintiffs answered the appeal asking that the award in favor of Mrs. Rufus Marshall, Jr., be increased to $10,000.00, and asking that the judgment in favor of plaintiffs be amended and enlarged to include George Crosby and Charles Laperouse, the drivers of the vehicles involved.
Inasmuch as the jury refused to award damages against Lawrence Dugas and inasmuch as plaintiffs have not protested that refusal, he is no longer an active litigant before this court.
The evidence shows conclusively in this matter that the unfortunate minor suffered fatal injuries on Louisiana State Highway Number 347 in the vicinity of his home by means of crushing injuries obviously inflicted by a motor vehicle.
Furthermore, the evidence showed conclusively that at about the time of the fatal accident the heavily laden cane truck was proceeding in a northerly direction on said highway. This cane truck was owned by Bertrand Laperouse and was being driven by Charles Laperouse in the course and scope of the latter's employment, having been loaded with cane at the loading operation conducted by Lawrence Dugas about a half a mile south of the point where the minor's body was found in the roadway.
It was further shown that George Crosby, a minor, was driving a Chevrolet pickup truck owned by Ward Dugas on a mission for and under a mandate from the said Ward Dugas. This truck had proceeded in a southerly direction down the said highway past the scene of the accident, had turned around on a field road south of the situs and had then driven back northerly along the said roadway following the heavily laden cane truck.
Neither of the drivers of the two vehicles admitted having seen the fatally injured boy, and the record is completely devoid of any positive physical evidence pointing to one or both of these vehicles being the fatal instrumentality.
The ambivalence and confusion that is inherent in this case finds its basis in the petition itself. Paragraph 13 alleges as follows:
"Petitioners aver on information and belief that said cane truck and trailer were dangerously overloaded, and were being driven along the highway and shoulder in a manner dangerous to persons on or near said shoulder, that petitioners' said son may have been struck and injured by some portion of said cane truck, but that he was most certainly struck and fatally injured by said little red truck, operated by Crosby, either at the time the two vehicles met each other, proceeding in an opposite direction, or, as petitioners are informed and believe, as said Crosby, proceeding in the same direction and to the rear of said cane truck and trailer, drove past that vehicle, and petitioners further aver on information and belief that said Crosby claims not to have seen petitioners' minor child, even for a brief instant, prior to the time said child was injured".
Throughout the lengthy trial by jury, this uncertainty prevailed. Petitioners plead and relied primarily upon the doctrine of res ipsa loquitur, but this court finds such doctrine inapplicable under the facts of this case. See Morales v. Employers' Liability Assurance Corp., 202 La. 755, 12 So.2d 804.
Petitioners urge strongly that the laden cane truck was an attractive nuisance, and that this accident and its results should be governed by that doctrine and the rules and concepts thereof. However, *670 here again petitioners can find little comfort in this doctrine in the absence of preponderant proof pointing to the instrumentality which was the causative factor of the injuries to this child. Furthermore, the gravamen of the doctrine is the maintenance of a foreseeable and unreasonable hazard to children whose presence should be anticipated. This court certainly does not find that a loaded cane truck in transit on a public highway constitutes an unreasonable hazard to children whose presence in the roadway should be anticipated. To hold otherwise would be to destroy the economic and social utility of the trucks which haul our cane crops to market. See Molliere v. American Insurance Group, La.App., 158 So.2d 279; Goff v. Carlino, La.App., 181 So.2d 426; Stanley v. Missouri Pacific Railroad Co., La.App., 179 So.2d 490.
David Porche, who witnessed this accident when he was 13 years of age and who testified at the age of 17, stated that he saw the decedent, Emick Marshall, the decedent's brother, and one other boy on the roadway at a time when the cane truck was approaching. He testified that all three of the little boys left the roadway and got into the ditch on the side of the road, which was a point of safety. He further testified that although the truck was between him and Gerald Marshall, he saw Gerald leave the ditch and run into the roadway. Due to the lapse of time, his memory was faulty and he was confused on the point whether Gerald Marshall ran into the roadway in front of the truck or at a time when the cane truck had almost passed him. However, he did not see the cane truck actually strike Gerald Marshall, and to the best of his recollection the red pickup was at that time following the cane truck. His testimony leaves the court with no other conclusion than that either of these trucks could have caused the injuries complained of, but there is no probative evidence whatsoever as to which vehicle was actually involved.
Emick Marshall was not offered as a witness by petitioners, nor was the third boy who was present in the ditch with Emick and his brother Gerald. These two boys were the ones most likely to have seen the entire occurrence, and petitioners' failure to utilize their testimony or explain their absence certainly brings about the well-known presumption that their testimony would be adverse to petitioners' cause.
We, therefore, are confronted with the situation wherein the jury found in favor of the two drivers of the vehicles. There being no manifest error in such finding under the state of this record, such conclusion must be affirmed by this court.
The record is completely and totally devoid of any evidence of independent negligence on the part of Ward Dugas, the owner of the Chevrolet pickup, and he could be cast in judgment only by invoking the doctrine of respondeat superior. However, in view of the jury's finding that young Crosby was not guilty of fault contributing to this accident, the casting of Ward Dugas in judgment is obviously legal error and judgment in favor of petitioners against Dugas and the insurer on his liability policy must be reversed. There is some evidence in the record to the effect that the Laperouse cane truck was excessively loaded. If this is the case, it might be considered that there was independent negligence on the part of Bertrand Laperouse, the owner of the cane truck, sufficient to cast him in judgment. However, even though we assume such negligence on the part of Mr. Bertrand Laperouse, nowhere in the record is it shown that such overloading could possibly be considered as proximate cause of the injuries to the minor. In fact, as pointed out above, there is no positive evidence that the cane truck is the vehicle which did the damage complained of herein, but even if that were shown to be the case, *671 this court could still not find cause and effect within their legal definitions.
For the reasons assigned above, the judgment of the lower court in favor of petitioners and against Ward Dugas, Bertrand Laperouse and Southern Farm Bureau Casualty Company is hereby reversed; the judgment to be affirmed in all other respects.
Reversed.

On Application for Rehearing.
En Banc. Rehearing denied.