Evelyn **FRANCIS**, Petitioner,

v.

**HERRIN TRANSPORTATION COMPANY,**
Inc., Respondent.

No. B–798.

Supreme Court of Texas.

Oct. 2, 1968.

Rehearing Denied Nov. 6, 1968.

Joseph D. Jamail, John Gano and William J. Stradley, Houston, Bass & Lawes, Eugene H. Lawes, Lake Charles, La., for petitioner.

Danny R. Edwards, Houston, for respondent.

CALVERT, Chief Justice.

This suit for damages for wrongful death was brought by the widow of Lawrence Francis, Jr., who was alleged to have died as a result of injuries received while a passenger in an automobile which collided with one of Herrin's trucks in Louisiana.

Mr. Francis died on April 18th, 1966, the date on which the collision occurred,

and this suit was filed in Harris County thirteen months and eleven days later on May 29th, 1967. Herrin filed a sworn pleading by which it sought abatement and dismissal of the suit on the ground that Louisiana law required the filing of the suit within one year of Mr. Francis' death. The district court took judicial notice of Louisiana law, upon motion, and sustained the plea and dismissed the suit. The court of civil appeals affirmed. 423 S.W.2d 610. We reverse the judgments of both courts and remand the cause to the trial court with instructions to reinstate it on the docket.

The pleadings of the parties indicate that at the time of the collision, the driver of the automobile in which Mr. Francis was riding was attempting to pass an unidentified automobile proceeding in the same direction; that the Herrin truck was proceeding from the opposite direction and the collision occurred before the passing was completed; and that before the vehicles and their occupants were removed from the highway, a third automobile, driven by one Bednarek, collided with the wreckage and caused further injury and damage. The record before us also discloses that within one year of her husband's death, Mrs. Francis, acting individually and as duly appointed tutrix for her two minor children, filed a wrongful death suit in a Louisiana court against The Stonewall Insurance Company, Bednarek's insurer, under Louisiana's direct action statute, Article 22:655, West's La.Rev.Stat. That suit is still pending.

Mrs. Francis urges in this court, as she did in the court of civil appeals, that the trial court erred in dismissing her suit for three reasons: (1) Texas statutes expressly provide a period of two years within which to file her suit in this State, and these statutes, rather than the Louisiana statute which requires that her suit be filed within one year, control; (2) the shorter limitation period provided in the Louisiana statute is contrary to the public policy of this State and will not be enforced; and (3) her suit was timely filed even if the Louisiana statute controls.

■ The Texas statutes to be considered in disposing of petitioner's contentions are Articles 4678 and 5526, Vernon's Tex.Civ. Stat. Article 4678 reads as follows:

"Whenever the death or personal injury of a citizen of this State or of the United States, or of any foreign country having equal treaty rights with the United States on behalf of its citizens, has been or may be caused by the wrongful act, neglect or default of another in any foreign State or country for which a right to maintain an action and recover damages thereof is given by the statute or law of such foreign State or country, such right of action may be enforced in the courts of this State within the time prescribed for the commencement of such actions by the statutes of this State. The law of the forum shall control in the prosecution and maintenance of such action in the courts of this State in all matters pertaining to the procedure."

Article 5526(7) provides a two-year period of limitation for the commencement of wrongful death actions in this State. It is to be noted, however, that by the provisions of Article 4678 rights of action for damages for death caused by wrongful act or neglect in another state or country may be enforced in the courts of this State only by one to whom the statute or law of such other state or country gives "a right to maintain an action and recover damages." Before enactment of Article 4678 in 1913, rights of action for wrongful death arising in other states or countries could not be enforced in the courts of this State. See Marmon v. Mustang Aviation, Inc., 430 S.W.2d 182, (Tex.Sup.1968); De Ham v. Mexican Nat. Ry. Co., 86 Tex. 68, 23 S.W. 381 (1893); Willis v. Missouri Pac. Ry. Co., 61 Tex. 432 (1884). Thus, the right conferred by that article is subject to the qualifications imposed by its terms, and one invoking the jurisdiction of our courts under the article must establish that he has *at*

*that time* [1] "a right to maintain an action and recover damages" under the statute or law of the state or country where the wrongful act or neglect occurred. If by that law or statute the right to maintain the action and recover damages, although once given, no longer exists, our statute of limitation does not confer the right. Petitioner's first contention is overruled.

■ Petitioner's second contention is also overruled. There is no sound basis for holding that the public policy of this State frowns upon foreign statutory provisions which limit the time within which rights of action for wrongful death may be enforced to one year. In support of her public policy contention, petitioner relies principally upon Home Ins. Co. v. Dick, 15 S.W.2d 1028 (Tex.Com.App.1929, judgm't app.). In that case, Dick sought by suit in Texas courts to predicate liability of the defendants on a policy of insurance issued in Mexico by a Mexican company. A Mexican statute provided a one-year limitation period for the commencement of suits on insurance policies, and the policy contained a similar contractual provision. The Commission of Appeals held that both the Mexican statutory provision and the policy provision were violative of the public policy of this State as declared in Article 5545, Vernon's Tex. Civ.Stat., which prohibits the making of "any stipulation, contract, or agreement, by reason whereof the time in which to sue thereon is limited to a shorter period than two years," and provides that "no stipulation, contract, or agreement for any such shorter limitation in which to sue shall ever be valid in this State." The decision in *Dick* is inapposite for two reasons, viz: (1) Texas has no statute comparable to Article 5545 proscribing periods of limitation of less than two years in wrongful death actions, and (2) Texas has no statute applicable to suits on insurance policies or other contracts containing language similar to the controlling language we have quoted from Article 4678. It should be noted that

the Supreme Court of the United States reversed the judgment of this court in *Dick*. See Home Ins. Co. v. Dick, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926 (1929). That court held that to give Article 5545 the effect of voiding the policy provision under the circumstances of the case was a denial of due process and was violative of the Federal Constitution.

Petitioner's third contention presents an extremely difficult problem. It requires that we determine whether petitioner, on the date of filing this suit, had a substantive right under Louisiana law to maintain a suit against, and recover damages from Herrin in that state for the wrongful death of her husband. If she did have the right, Article 4678 gives her a right to maintain her suit in the courts of this State since it was commenced within the applicable two-year limitation period provided in Article 5526(7). The frustrations encountered in our search for a definitive answer to the question deepens our sympathy for Federal courts which must search for state law as a goodly part of their daily tasks.

The relevant part of Article 2315, West's La.Civ.Code, the Louisiana wrongful death and survivorship statute, provides:

"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

"The right to recover damages to property * * *. [not relevant].

"The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; * * * [other beneficiaries not relevant to this suit]. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right

1. Emphasis ours throughout unless otherwise indicated.

to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.

"* * *. [definitions not relevant to this case]."

The statute undoubtedly gave Mrs. Francis a substantive right of action in Louisiana for the alleged wrongful death of her husband; but the statute expressly provides that "[T]he right to recover * * * shall survive for a period of one year from the death of the deceased * * *," and the parties disagree strongly as to the nature and legal effect of that provision.

■ Rights of action in Louisiana may be lost by passage of time under two different types of statutory provisions, one of which is "prescriptive" and the other "peremptive". The Supreme Court of Louisiana has differentiated the two in Succession of Pizzillo, 223 La. 328, 65 So.2d 783, at 786 (1953), in this language:

"The difference in prescription and peremption is that the former simply bars the remedy whereas, in the latter, time is made of the essence of the right granted and a lapse of the statutory period operates as a complete extinguishment of the right."

Or, as was said by the same court in Guillory v. Avoyelles Ry. Co., 104 La. 11, 28 So. 899, at 901 (1900), "Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost."

Herrin argues that there is another important distinction in the Louisiana law between prescriptive and peremptive statutes; that prescriptive periods of time may be interrupted, but peremptive periods may

not. It then argues that the limited period of one year for commencing wrongful death actions is peremptive; the filing of suit in Louisiana by Mrs. Francis against Bednarek's insurer within one year did not interrupt the running of the one-year period for asserting her cause of action against it; and that at the expiration of one year from the date of her husband's death, Mrs. Francis' right of action against it was lost. Mrs. Francis argues, on the other hand, that statutory periods of peremption, as well as those of prescription, are subject to interruption; the filing of her suit in Louisiana interrupted the running of the statutory period; and that her right of action against Herrin was still alive when she filed her suit in this State. The trial court and the court of civil appeals agreed with Herrin.

■ The parties have not cited us to a decision by the Supreme Court of Louisiana, and our research has not discovered one, in which that court has held the statutory period for filing wrongful death actions to be peremptive rather than prescriptive. However, the wording of Article 2315 would seem to make it peremptive, and a number of decisions by Louisiana courts of appeals and by Federal courts have held it to be peremptive. See Succession of Roux v. Guidry, 182 So.2d 109 (La. App.1966, writ ref'd); Miller v. American Mut. Liability Ins. Co., 42 So.2d 328 (La. App.1949); Kenney v. Trinidad Corp., 349 F.2d 832 (5th Cir. 1965); Mejia v. United States, 152 F.2d 686 (5th Cir. 1945). In the absence of an authoritative determination of the matter by the Supreme Court of Louisiana, we accept the cited cases as establishing that the one-year period provided in Article 2315 is a period of peremption.

Whether under Louisiana law the peremption of the statute may be interrupted, tolled or suspended, and, if so, what proceedings will effect an interruption, tolling or suspension, is far less clear from the decisions. In Succession of Pizzillo, 223 La. 328, 65 So.2d 783, at 786 (1953) we find this statement by the Supreme Court of

Louisiana: "Preemption admits of no interruption; performance of the required act must be accomplished within the specified time or else the right of action no longer exists." The quoted statement was an obiter dictum as there was no proof of any proceeding or fact which would interrupt either a preemption or prescription, and the same dictum is expressed in the same or slightly different language in other opinions of Louisiana courts. See Miller v. American Mut. Liability Ins. Co., 42 So.2d 328 (La.App.1949); Stroud v. Standard Oil Co. of New Jersey, 41 So.2d 539 (La.App.1949). See also Kenney v. Trinidad Corp., 349 F.2d 832, at 838 (5th Cir. 1965), and 13 Tulane Law Review 39. And yet, in Harris v. Traders & General Ins. Co., 200 La. 445, 8 So.2d 289, at 291–292 (1942), the Supreme Court, quoted with apparent approval from an opinion of a court of appeals in Mitchell v. Sklar, 196 So. 392 (1940), as follows: "For the purposes of the present case, we deem the distinction [between prescription and preemption] unimportant. If a statute of prescription, the current thereof under certain facts may be interrupted; *if a statute of preemption, its term, under like facts, may be tolled.*"

*Harris* is a workmen's compensation case in which the workman was employed in Louisiana to work in Texas, where he was injured on November 27, 1936. His employer carried Louisiana workmen's compensation insurance with a company doing business in Louisiana. Under the Louisiana Workmen's Compensation Law, all claims for compensation are barred unless within one year after the accident the parties agree upon the payments or proceedings have been begun. A Louisiana trial court sustained a plea of preemption to a suit filed by the workman in March, 1940, against the representative of the estate of the deceased employer and the employer's insurer and dismissed the suit. An intermediate court of appeal affirmed. 4 So. 2d 24. The Supreme Court reversed upon a holding that the right of action was preserved by the filing by the workman

of two prior suits, one in a Texas district court within one year of the accident and dismissed by the court for want of jurisdiction of the subject matter, and the other thereafter in another Louisiana district court and later dismissed for want of personal jurisdiction over the defendants. The Supreme Court's opinion in the case clearly indicates that the statute was considered to be one of prescription rather than of preemption, but, significantly, the Court said:

"For purposes of the discussion in this case it is unimportant whether the period of limitation of one year fixed by Section 31 of the statute for filing the suit be considered a statute of preemption or a statute of prescription."

■ We think we can safely conclude from the Supreme Court's opinion in *Harris* that the preemption of Article 2315 can be interrupted or tolled as to defendants who are sued by the owner or owners of the right of action within the preemption period, even though the suit may later be dismissed for want of jurisdiction. Supporting the conclusion is a late and direct holding of a court of appeal in Marshall v. Southern Farm Bureau Casualty Co., 204 So.2d 665 (La.App.1967, writ ref'd). In that case the court held that a suit by parents for damages for the wrongful death of their son, filed some three and one-half years after the death, was not subject to a plea of preemption inasmuch as a prior suit filed by the parents in a United States District Court within one year of the death, and later dismissed for lack of jurisdiction, "suspended the prescriptive or peremptive period" until the judgment of dismissal became final.

Louisiana decisions cited by Herrin and the court of civil appeals for a contrary conclusion are not in point on the facts and are not persuasive. We will review three of the principal cases.

In Guillory v. Avoyelles Ry. Co., 104 La. 11, 28 So. 899 (1900), certain taxpayers sued to invalidate an election authorizing a special tax levy. The statute required that

such suits be brought within three months after promulgation of the result of the election. The suit was filed after expiration of the three-month period. The court held that the timely filing by other taxpayers of a suit, later compromised and voluntarily dismissed, could not have "the effect of suspending the prescription or peremption of the statute in favor of those other taxpayers who did not sue in time, but bethought themselves to sue afterwards." The rights of action of the several taxpayers were obviously considered to be separate and independent.

In Succession of Roux v. Guidry, 182 So.2d 109 (La.App.1966, writ ref'd), the court held that a suit for damages for wrongful death brought within one year by the administrator of the estate of the deceased did not interrupt or toll the peremptive period in favor of the children of the deceased, the statutory beneficiaries. The statutory peremption period was not interrupted by the suit because the administrator was not the owner of the right of action and none of the owners sued within one year.

In Blanke v. Chisesi, 142 So.2d 45 (La.App.1962), the court held that a suit for damages for wrongful death brought within one year by the father of the deceased did not interrupt or toll the peremptive period in favor of the mother of the deceased who did not seek to intervene in the suit until after the death of her husband and after the expiration of one year. The court pointed out, at page 47, that the statute gave a right of action to the "surviving father and mother or either of them," and said: "Within that year Mrs. Blanke [the mother] could have asserted her right of action either jointly with her husband or in a separate suit. She did not do so and her right of action perempted." None of the three decisions are inconsistent with our conclusion announced supra, which we think is correct and compelled by *Harris* and *Marshall,* supra.

■ Having concluded that the peremptive period of Article 2315 is interrupted

or tolled as to those made defendants by timely filing by statutory beneficiaries of a suit later dismissed by the court for want of jurisdiction, we can think of no sound reason for holding that it is not interrupted or tolled by a similar suit which is still pending. A question remains, however, as to whether interruption or tolling of the statute as to the defendant or defendants sued within the peremptive period will also interrupt or toll it as to joint or co-tortfeasors not sued within one year. Our conclusion is that it will. Two articles of West's Louisiana Civil Code are relevant.

■ Article 2324 provides: "He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act." The Supreme Court of Louisiana has held, by virtue of the provisions of this article, that "all persons who actively participate in the commission of a tort are responsible solidarily to the injured person for the consequences of their joint act." Cox v. Shreveport Packing Co., 213 La. 53, 34 So.2d 373 (1948), at 375. See also Williams v. Pelican Natural Gas Co., 187 La. 462, 175 So. 28 (1937). Joint or co-tortfeasors are thus liable in solido for the consequences of their conduct. Article 2097 provides: "A suit brought against one of the debtors in solido interrupts prescription as to all." Louisiana courts have held this statute to be applicable to joint or co-tortfeasors, and that a suit against one will interrupt prescription as to the others. Penn v. Inferno Manufacturing Corp., 199 So.2d 210 (La.App.1967); Humphreys v. McComiskey, 159 So.2d 380 (La.App.1964); Ensminger v. Great Atlantic and Pacific Tea Co., 134 So.2d 686 (La.App.1961); Brignac v. Fontenot, 96 So.2d 66 (La.App. 1957). More to the point in this case, two Louisiana courts of appeal have held in recent cases that a suit against one tortfeasor in a wrongful death case will interrupt or toll the statutory period as to other joint or co-tortfeasors. Franks v. City of Alexandria, 128 So.2d 310 (La.App.

1961); Marshall v. Southern Farm Bureau Cas. Co., 204 So.2d 665 (La.App.1967, writ ref'd). We have been cited to no case in which a contrary holding has been made. Finally, in the only cases we have discovered dealing with the problem, the courts have held that suit under the direct action statute against the insurer of one tortfeasor interrupts or tolls prescription or peremption statutes as to other joint or co-tortfeasors as well as to the insured. See Marshall v. Southern Farm Bureau Cas. Co., supra; Burch v. Hartford Accident & Indemnity Co., 172 So.2d 165 (La.App. 1964); Gray v. Hartford Accident & Indemnity Co., 36 F.Supp. 780 (W.D.La. 1941). However, suit against one tortfeasor or its insurer will not interrupt or toll prescription or peremption as to the employer of another joint or co-tortfeasor if the doctrine of respondeat superior is the only basis for asserting liability of the employer. Cox v. Shreveport Packing Co., 213 La. 53, 34 So.2d 373 (1948).

■ The petition filed in the trial court by Mrs. Francis contains only a very general allegation of negligence and proximate cause. It reads:

"Heretofore, on or about April 18, 1966, as a direct and proximate result of the negligence of the Defendant, Herrin Transportation Co., Inc., *and* its agents, servants and employees, acting within the course, scope and furtherance of their respective capacities, your Plaintiff's deceased husband, Lawrence Francis, Jr., a passenger in a motor vehicle, received and suffered such severe injuries that he died."

The petition obviously asserts liability of Herrin on the basis of its own negligence as well as under the doctrine of respondeat superior. We have no way of knowing what the proof will show; but under the law of Louisiana as best we can interpret it, the trial court erred in sustaining the plea in abatement at the pleading stage, and the court of civil appeals erred in affirming.

Herrin sought abatement of the suit on the additional ground of forum non conveniens. The trial court's judgment of dismissal rested expressly upon the ground of peremption. We express no opinion as to the merit of the forum non conveniens plea, but call attention to one of our latest decisions dealing with this problem. See Flaiz v. Moore, 359 S.W.2d 872 (Tex.Sup. 1962).

The judgments of the court of civil appeals and trial court are reversed and the cause is remanded to the trial court with instructions to reinstate it for further proceedings not inconsistent with this opinion.