**Robert LUCAS, Plaintiff,**

v.

**MOBIL OIL CORPORATION, Individually and d/b/a Mobil Chemical Company, a subsidiary, Defendants.**

**Civ. A. No. 2–1006.**

United States District Court,
N. D. Texas,
Amarillo Division.

Sept. 29, 1971.

Carson Smith of Edwards & Associates, Amarillo, Tex., for plaintiff.

H. A. Berry, of Underwood, Wilson, Sutton, Heare & Berry, Amarillo, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

WOODWARD, District Judge.

On March 24, 1971, Plaintiff filed his complaint in this Court against Mobil Chemical Company, a corporation, alleging that Plaintiff was a citizen of the State of Texas and that the Defendant was a Delaware corporation. The Plaintiff's cause of action was based upon an injury sustained by Plaintiff while in the employment of Groendyke Trucking Company on July 28, 1967 while delivering chemicals to and for Mobil Chemical Company. It was stipulated at the time of the hearing on the Defendants' motions to dismiss that the date of injury was July 28, 1967, and that the complaint was filed March 24, 1971.

The Plaintiff prosecuted his workmen's compensation claim under the laws of the State of Texas against his employer's workmen's compensation insurance carrier, and the claim was ultimately settled and resolved in June of 1969.

On June 24, 1971, Plaintiff filed his amended complaint and named as the Defendant Mobil Oil Corporation, individually, and d/b/a Mobil Chemical Company, a subsidiary. The same cause of action as originally alleged was stated in this amendment except against a different Defendant.

The Defendant, Mobil Oil Corporation, filed a Motion for More Definite Statement and this Court issued its order on August 16, 1971 directing the Plaintiff to file a second amended complaint in which more details concerning the physical facts regarding the exact location and circumstances alleged in the mishap be set forth, and further ordering:

"In addition, the Court requests that Plaintiff make clear to the Court in his supplemental complaint exactly who is to be the Defendant or Defendants in this cause. The Court interprets Plaintiff's Amended Complaint to be against Mobil Oil Corporation only."

The second amended complaint in response to said order was filed by the Plaintiff in this Court on the 19th day of August, 1971, wherein the Plaintiff named as Defendant Mobil Oil Corporation, individually and d/b/a Mobil Chemical Company, a subsidiary, the same Defendant and style of the first amended complaint. Summons was served on Mobil Oil Corporation in the above capacity on August 23, 1971.

In view of the above the Court had determined that the Plaintiff did not wish to file suit against Mobil Chemical Company as a corporate Defendant, but only against Mobil Oil Corporation in its "individual" capacity and d/b/a Mobil Chemical Company. However, on September 27, 1971, Plaintiff filed a motion to amend under Rule 4 and for permission to serve Mobil Chemical Company and for the purposes of deciding the motion now pending, the Court will treat both corporate defendants as parties to the suit and duly served with summons. Mobil Chemical Company will be deemed to have answered herein and to have filed the same motion as Mobil Oil Corpora-

tion by reason of the answer filed herein on April 30, 1971 wherein counsel announces his intention to answer for each corporation.

The Defendant, Mobil Oil Corporation, has filed its motion for dismissal because of the failure of the complaint to state a cause of action against this corporate Defendant and also pleading the statute of limitations.

This Court is of the opinion that Plaintiff's cause of action should be dismissed on the following grounds:

### I.

█ In his second amended complaint the Plaintiff does not allege any facts or state any basis upon which a judgment could be entered against Mobil Oil Corporation. No facts of agency, master-servant relationship, or other relationship between Mobil Oil Corporation and Mobil Chemical Company are alleged or shown that would form a basis for the cause of action. All of the acts alleged and complained of were those done and performed by or failed to be done and performed by Mobil Chemical Company. The mere fact that Mobil Oil Corporation owns all of the corporate stock of Mobil Chemical Company does not alone form a sufficient basis for liability of Mobil Oil Corporation and hence on this ground Mobil Oil Corporation is to be dismissed.

### II.

█ It should be kept in mind that the parties have stipulated and there is no disagreement about the facts necessary to determine the question of limitations. The injury occurred on July 28, 1967, and this action was not brought until March 24, 1971, and the injury occurred in the State of Kansas.

This Court takes judicial notice of the Kansas statute of limitations, G.S.Kan.

1968, Section 60–513(4), which is applicable to this case and provides:

"The following actions shall be brought within two (2) years: * *

"(4) An action for injury to the rights of another, not arising on contract, and not herein enumerated."

More than two years elapsed between the date of the injury and the date of the filing of the action against either of the Defendants in this case. The Kansas courts have held that in a common-law action brought against a third-party tort-feasor the running of the two year statute is not tolled during the time that the claim for workmen's compensation is pending. Terrell v. Ready-Mixed Concrete Company, 174 Kan. 633, 258 P.2d 275 (1953). Welsh v. Hafeman, 274 F.2d 79 (10th Cir., 1959).

The Supreme Court of Texas in Francis v. Herrin Transportation Company, Tex., 432 S.W.2d 710 (1968), in interpreting Article 4678 of Vernon's Texas Civil Statutes, upholds the Defendants' position on limitations in this respect. Article 4678 provides that whenever the death or personal injury of a citizen of Texas occurs in another state and caused by the wrongful act, neglect, or default of another in any foreign state, that such right of action may be enforced in the courts of Texas within the time prescribed for the commencement of such actions by the statutes of Texas. In Francis v. Herrin, *supra,* the Texas Supreme Court stated that for the suit to be maintained in Texas the right to maintain the action and recover damages must be in existence at the time of the filing of the suit, and if this right to maintain such action had been barred by the statute of limitations of the state where the injury occurred, that such right to maintain such action no longer exists and a complaint could not be brought in the courts of the State of Texas.

In Mendiola, Jr., et al, v. United States of America, 401 F.2d 695 (5th Cir. 1968), the plaintiff had previously re-

**960**

covered from the workmen's compensation carrier and was bringing action against the United States of America under the Federal Tort Claim Act as a third-party tort-feasor for the injury sustained by him on February 27, 1963. His cause of action against the United States of America was filed more than two years after the injury occurred although within two years after the settlement of his workmen's compensation suit. The Fifth Circuit held that 28 U.S.C. § 2401(b) barred the plaintiff's recovery because the complaint was filed more than two years after the date of the injury. Although *Mendiola* is principally concerned with a uniform application of limitations in favor of the United States in all of the fifty states of the Union, the case before this Court presents a very similar fact situation although the Defendant is a private corporation asserting the rights of the law of Kansas where the injury occurred.

Had the injury occurred in Texas the suit cited by Plaintiff to support his contention, Hutto v. Benson, 212 F.2d 349 (6th Cir. 1954), would control. As this accident occurred in Kansas the rule of Francis v. Herrin, *supra,* is the rule to be followed in this case.

The subject suit having been filed more than two years after the date of injury in Kansas, the same is barred by the Kansas limitations statute and under the doctrine of Francis v. Herrin and Mendiola v. United States of America, *supra,* the plaintiff's cause of action is barred in this Court against both Mobil Oil Corporation and Mobil Chemical Company.

Therefore, it is hereby ordered that the Plaintiff's complaints on file here be and the same hereby are dismissed with prejudice and the Plaintiff shall recover nothing of and from Mobil Oil Corporation or Mobil Chemical Company. The Defendants' motions for dismissal because of the failure to state a cause of action and because the cause of action is barred by limitations are granted. Costs are taxed against the Plaintiff.