Evelyn FRANCIS, Indv., etc., Appellant,

v.

**HERRIN TRANSPORTATION COMPANY,**
Inc., et al., Appellees.

No. 15752.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Nov. 4, 1971.

Jamail & Gano, Joseph D. Jamail, John Gano, Houston, for appellant.

Danny R. Edwards, Houston, for appellees.

BELL, Chief Justice.

This is an appeal from a judgment rendered in favor of the defendants, Herrin Transportation Company and its employee Jerome Duhon, based on a jury verdict. The appellant is the widow of Lawrence Francis, who sued in her individual capacity and on behalf of her two minor children to recover damages resulting from the death of Lawrence Francis alleged to be the·result of the negligence of both defendants.

On or about April 18, 1966, a Herrin trailer-tractor truck driven by Duhon was in collision near Eunice, Louisiana, with a Buick automobile owned and occupied by Francis which was driven by a friend named Theo Liggins. Duhon was proceeding east on U. S. Highway 190 and Francis' car was proceeding west. The Buick collided with the truck in the eastbound lane as the driver of the Buick was endeavoring to pass another automobile. The truck ended up off the highway on the south shoulder. The Buick blocked the eastbound lane. The front ˙of the car was headed north. In a short while a Chevrolet automobile driven by a man named Bednarek approached from the west and slid into the Francis Buick.

Appellant sued Bednarek's liability insurer in Louisiana within one year after the collision. After the one year preemption period prescribed by the law had passed, appellant sued Herrin in Texas. Herrin plead the law of Louisiana and asked the District Court to take judicial notice of that law. It, by plea in abatement, asserted that under such applicable law the suit in Texas was barred. The plea in abatement was sustained. The Supreme Court of Texas reversed. The case is styled Francis v. Herrin Transportation Company and the Supreme Court's opinion is reported in 432 S.W.2d 710. That court held that the suit in Louisiana tolled the preemptive statute as against a "co-tortfeasor," and that it would not be tolled as to an employer of the "co-tortfeasor" if the doctrine of respondeat superior was the only basis for asserting liability of the employer. It then held the pleading of plaintiff was sufficient to assert liability

of Herrin on a basis of its own negligence.

After reversal, appellant made Duhon a party and alleged various acts of negligence against each defendant. We will not notice the acts relied on except as they were evidenced by the issues submitted to the jury. The general theory of liability upon which the case was tried was that the negligence of Herrin and Duhon caused Bednarek's Chevrolet to collide with the disabled Buick and that in this second collision Francis received injuries from which he died.

In response to issues submitted, the jury made the following findings:

Issue 1. That Duhon had the last clear chance to prevent the second collision.

Issue 2. That Duhon in failing to set out flares and reflectors failed to exercise ordinary care by using all the means available to him to prevent the second collision.

Issue 3. Such failure was the proximate cause of the collision between the Francis vehicle and the vehicle driven by Bednarek.

Issue 4. Failed to find that prior to the collision in question Herrin had failed to properly train Duhon in emergency procedures.

Issues 5. and 6. were unanswered because of the answer to Issue 4. They submitted negligence and proximate cause.

Issue 7. Found that the collision between the Francis automobile and the Herrin truck was the sole proximate cause of Francis' death.

Issue 8. Failed to find that Francis sustained injuries as a result of the second collision.

Issue 9. This inquired as to whether death resulted from injuries received in the second collision. It was un-answered because predicated on an affirmative answer to Issue 8.

Issue 10. Inquired as to the pecuniary damages suffered by the Plaintiffs as a result of Francis' death. The jury answered, "None."

Issue 11. Inquired of damages to Francis for mental pain and suffering suffered before his death, as a result "of the occurrence in question." The jury answered, "None."

For reversal appellant relies on eight points of error. She complains that the trial court erred in submitting Special Issues Nos. 7, 8 and 9. She then complains that the answers of the jury to Special Issues Nos. 7, 8, 9, 10 and 11 are "contrary, all and singular, to Defendants' admission, and to the overwhelming weight and preponderance of the evidence, and accordingly it was error for the court to render judgment for Defendants based in whole or in part thereon."

■ The first three points are addressed to a procedural step, that is, in submitting the specified issues that involve "no evidence." The last five points, while asserting in part that the jury's answers to specified issues are "contrary to the overwhelming weight and preponderance of the evidence," assert that "it was accordingly error for the court to render judgment for Defendants based in whole or in part thereon." These five points also assert, as another reason it was error to render judgment for defendants, the answers were contrary to the "admission of Defendants." The last five points complaining of the rendition of judgment on the verdict are directed to a procedural step that involves "no evidence." The result is that all of appellant's points are no evidence points. McDonald v. New York Central Mutual Fire Ins. Co., 380 S.W.2d 545 (Tex.); Houston Maritime Ass'n et al. v. South Atlantic & Gulf Coast District of Intern. Longshoremen's Ass'n et al., 367 S.W.2d 705 (Tex.Civ.App. Hous-

ton 1st), n. w. h.; Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas Law Review 361.

■ The only issue submitted that would hold Herrin liable, in the light of the Supreme Court's decision in Francis v. Herrin Transportation Company, supra, was Special Issue No. 4. It was answered favorably to Herrin. No attack is made here on that finding. The judgment favorable to Herrin is, therefore, affirmed.

The basic theory of recovery as submitted to the jury was that Francis, while injured in the first collision, received no extensive injuries and was alive after such collision and received injuries in the second collision that caused his death, or at least a combination of the injuries received in the two wrecks caused his death. The appellant plead acts of negligence on the part of Duhon that if established would establish liability for the first and second collisions. The negligence alleged would, apart from the operation of the preemptive statute, allow recovery against Herrin also.

Both defendants, among other things, plead a general denial, the preemptive statute, contributory negligence and sole proximate cause.

■ The evidence as to the cause of the first accident was so meager that no issues were requested and none submitted as to the cause of the first collision. The evidence supports the jury's findings to Issues 1, 2 and 3 establishing negligence on the part of Duhon causing the second accident.

■ The basic controversy on appeal is whether there was any evidence of probative force to support the jury's answers to Issues Nos. 7 and 8 by which it was found that the first collision was the sole proximate cause of Francis' death and by which it failed to find Francis received any injuries in the second collision. Further, appellant contends there was no evidence to support the jury's answers of "None" to the damage issues. In this connection it is most strongly urged that the defendants, in their respective answers, judicially admitted that Francis' death resulted from the second collision, though appellant also urges the oral testimony shows the same thing.

The oral evidence shows that after the first collision the Francis automobile blocked the eastbound lane and the front of his Buick was headed north. This would put the lefthand side of the vehicle toward the west. It is shown that in the first collision the right side of the vehicle was severely damaged. Francis was sitting in the back seat on the right or east side. He was wedged in so that he could not be extricated. He was calling for help. No one could tell precisely the nature or extent of his injuries. There is a conflict in the evidence as to which side of the vehicle was most severely damaged after the second collision. There was evidence that there was only slightly more damage to the left side after the second collision and it was on the left front of the vehicle and there is no evidence establishing with any degree of definiteness any additional injury to Francis. There was evidence that the Bednarek vehicle slid into the left front of the Francis vehicle with no great force. The oral and demonstrative evidence would at most raise a fact issue as to any additional injury.

■■ The disposition of the points attacking the jury's answers to Issues 7, 8, 10 and 11 as being without any support in the evidence, and complaining of the submission of Issues 7, 8 and 9, must be determined by whether appellee Duhon made a material judicial admission in his pleading.

The part of the pleading relied on by appellant was in a paragraph appearing following a general denial and read as follows:

IX.

"Answering further, if necessary, and only in such event, defendant would further say that if Lawrence Francis, Jr., died as a result of injuries received in a

collision on April 18, 1966, that such injuries, if any, were not as a result of the collision with the vehicle driven by defendant Jerome Duhon, but was in truth and in fact a result of another collision on said date wherein the vehicle in which said Lawrence Francis, Jr., was a passenger was struck by a vehicle to-wit, a 1957 Chevrolet sedan driven and operated by one Robert J. Bednarek, which collision was the proximate cause of the injuries sustained by Lawrence Francis, Jr., which ultimately resulted in his death."

We are of the view that this was clearly a pleading in the alternative which is permitted by Rule 48, Texas Rules of Civil Procedure. Further, Rule 48 expressly allows a defendant to plead as many defenses as he has regardless of consistency. Alternative pleadings or affirmative and inconsistent pleadings following a general denial may not be treated as a judicial admission. Straffus v. Barclay, 147 Tex. 600, 219 S.W.2d 65; Climatic Air Distributors of South Texas et al. v. Climatic Air Sales, Inc., 162 Tex. 237, 345 S.W.2d 702; McRoy v. River Lake Country Club, Inc., 426 S.W.2d 299 (Tex.Civ.App.-Dallas), ref. n. r. e.; Dallas Transit Co. v. Young, 370 S.W.2d 6 (Tex.Civ.App.-Dallas) ref., n. r. e.; Red River Valley Publishing Co., Inc. v. Bridges, 254 S.W.2d 854 (Tex.Civ. App.-Dallas), ref., n. r. e.; 2 McDonald, Texas Civil Practice, Rev. Ed., Sec. 7.01.3.

The appellant claims it was error to submit Issues 7 and 8 because the issues were multifarious and duplicitous and were but shades of one another. We disagree.

The burden was on appellant to establish injuries received in the second collision. This entitled her to Issue No. 8. Appellees, having plead the inferential rebuttal issue of sole proximate cause, were entitled to Issue No. 7. Hodges, Special Issue Submission in Texas, Sec. 15, p. 40 and Sec. 55, p. 142.

The complaint concerning the jury's having found "None" to the damage issues presents no reversible error. There being no finding of liability, the answer to the damage issues became immaterial. Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334 (Tex.Com.App.), opinion adopted; Sfair v. Adair, 223 S.W.2d 648 (Tex. Civ.App.-San Antonio), refused.

Affirmed.