**FOREST LANE PORSCHE–AUDI, INC., Appellant,**

v.

**Stephen E. STATEN, Appellee.**

**No. 21017.**

Court of Appeals of Texas, Dallas.

May 20, 1982.

Rehearing Denied July 16, 1982.

Kerry P. Fitzgerald, Dallas, for appellant.

Robert S. Leithiser, Dallas, for appellee.

Before AKIN, STEPHENS and VANCE, JJ.

VANCE, Justice.

Forest Lane appeals the trial court's grant of a partial summary judgment and a subsequent final judgment after a trial before the court, with respect to Staten's claim under the Deceptive Trade Practice Act, Tex. Bus. and Com. Code Ann. § 17.50 (Vernon Supp. 1982). Staten was granted his motion for partial summary judgment on the issue of liability on the paint work because Forest Lane made allegation of defective paint work in a third-party complaint. Forest Lane contends that the evidence is insufficient to support the summary judgment, in particular, proof of damages; "defective paint work." We agree that allegations contained in the third-party action for indemnity can not be admissions against Forest Lane in this cause of action. Because there was no additional evidence on the element of actual damage; Staten failed to establish his entitlement to a summary judgment. Accordingly, we reverse and remand.

Staten sued the Forest Lane auto dealership on the purchase of a used Porsche automobile to which Forest Lane initially responded by a general denial. During the transaction it was agreed that the car was to be repainted and an air spoiler was to be installed. The only evidence that the paint work was in fact defective was contained in Forest Lane's third-party complaint against a separate body shop.

Staten asserts that the Forest Lane third-party complaint constitutes an admission and, thus, competent summary judgment evidence on the issue of actual damages; i.e. defective paint. In this respect, Forest Lane in seeking indemnity from the party who actually painted the automobile pleaded the following:

In truth and in fact the work done by Third Party Defendant was unsatisfactory and was not of the standard or quality of Porsche automobiles.

In its initial point of error, Forest Lane relies on the general rule that alternative or affirmative and inconsistent pleadings following a general denial may not be treated as a judicial admission. Tex.R.Civ.P. 48; *Francis v. Herrin Transportation Company,* 473 S.W.2d 664, 668 (Tex. Civ. App.—Houston [1st Dist] 1971, no writ). In response Staten asserts that admissions in Forest Lane's third-party complaint are admissible in the main action.

This precise point was considered by the El Paso Court of Appeals in *Thornton v. Daniel,* 185 S.W. 585 (Tex. Civ. App.—El Paso 1916, no writ). In that suit, Thornton sued an owner of a warehouse for conversion of certain household goods destroyed due to a fire. The owner of the warehouse had in fact moved the goods from his premises to another warehouse. This second location operated by a different owner was where the goods were actually destroyed. The owner of the first warehouse filed a third-party action against the owner of the second warehouse for indemnity in the event of Thornton's recovery. The pleadings in the cross-action alleged that the goods had been negligently stored. Thornton argued, as Staten does here, that the pleadings in the third-party complaint admitted the negligence in the primary action which could be used against the defendant in the main action. That court held, however, that the admission of the fact of negligence was conditional on Thornton's effort to secure contribution or indemnity and, in view of his previous denial of the defect, could not be taken as an admission of the fact against him. *Thornton v. Daniel,* 185

S.W. 585, 587 (Tex. Civ. App.—El Paso 1916, no writ).

In support of his position, Staten relies on *City of College Station v. Seaback,* 594 S.W.2d 772 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.), for the proposition that:

[A]dmissions contained in a cross-action by the defendant are ... formal judicial admissions which effect a waiver by defendant of proof by plaintiff of the facts admitted.

594 S.W.2d at 777. The *Seaback* court further reviewed the nature of the third-party complaint and concluded:

City's suit against the complainants is not even mentioned in it; and, as we have already noticed, the prayer sought directly, and not contingently, the recovery of the sum sued for.... the third-party action was *not intended merely as a plea for indemnity* ....

(Emphasis added)

594 S.W.2d at 779 (On Rehearing).

This rule expressed in *Seaback* does not apply to the facts of our case. The Forest Lane third-party complaint expressly set out and referred to Staten's suit against it and, moreover, the following prayer was contingent on recovery in that action:

WHEREFORE, PREMISES CONSIDERED, Third Party Complainant prays that Third Party Defendant be cited to appear and answer herein; that *in the event of Judgment against* the Third Party Defendant; for costs of defense, cost of Court and interest on the Judgment at the legal rate. (Emphasis added)

Since Forest Lane's third-party action was one for indemnity, we hold that the pleadings of "defective paint work" in the third-party complaint are not admissions of that fact in Staten's suit against Forest Lane.

Even in light of Forest Lane's failure to respond to the motion, Staten still had to establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action as a matter of law. *Cove Investments, Inc. v. Manges,* 602 S.W.2d 512 (Tex. 1980); *City of Houston v. Clear Creek Basin Authority,*

589 S.W.2d 671, 678 (1979). This Staten failed to do. *See* Tex. Bus. & Com. Code Ann. § 17.50 (Vernon Supp. 1982).

Reversed and remanded.