HERGET, Judge.
From judgments sustaining (1) exceptions of no cause of action and of prescription filed to the supplemental petitions of Plaintiff, and (2) third party complaints of defendant and third party plaintiff, Massey-Ferguson, Inc., against Pressed Steel Tánk Company, The Travelers Insurance Company, Selwyn Pacific Company, the Deutsch Company and the Fidelity and Casualty Company of New York, (1) plaintiff, Estus Sharp, and (2) third party plaintiff, Massey-Ferguson, Inc., appealed.
On June 19, 1958 plaintiff, Estus Sharp, filed suit against the predecessor of Massey-Ferguson, Inc. and Selwyn Pacific Company to recover damages for injuries he allegedly received when a safety valve on a fuel tank of a tractor he was driving popped off and failed to reseat, resulting in the contents of the fuel tank spraying forth, igniting and severely burning him. Plaintiff maintained his injuries were occasioned by the joint negligence of the Defendants. Both Defendants were served on June 23, 1958 more than one year from the date of the alleged accident, June 20, 1957. On August 14, 1958 Massey-Ferguson, Inc. filed an answer denying the allegations of Plaintiff’s petition and, alternatively, pled' contributory negligence of Plaintiff and! lack of privity of contract with Plaintiff.
On December 1, 1958 Massey-Ferguson, Inc. filed a third party petition alleging it purchased the safety valve from Selwyn Pacific Company, with warranty, and in-event it be cast in judgment it have judgment against third party defendants, Sel-wyn Pacific Company and its products liability insurer Fidelity and Casualty Company of New York, jointly, severally and in solido, “ * * * indemnifying the third party plaintiff in an amount equal to any judgment the plaintiff recovers against the-defendant and third party plaintiff.”
On September 30, 1959 Massey-Ferguson, Inc. amended its third party petition to include Pressed Steel Tank Company and' its liability insurer The Travelers Insurance Company, alleging Selwyn Pacific manufactured and sold to third party defendant Pressed Steel Tank Company the relief or safety valve which allegedly gave rise to this suit. Further, that Pressed Steel Tank Company manufactured and sold to Third-Party Plaintiff the liquefied petroleum gas *510 fuel tank, including the valve assembly, and warranted to Third Party Plaintiff its product against all defects. Then reiterating the allegations of its original third party plaintiff’s petition, Massey-Ferguson, Inc. prayed for indemnification against all Third Party Defendants jointly, severally and in solido in the event Third Party Plaintiff be cast in judgment.
Plaintiff, Estus Sharp, filed a supplemental petition, including therein as parties defendant Fidelity and Casualty Company of New York (insurer of Selwyn Pacific Company) and The Travelers Insurance Company (insurer of Pressed Steel Tank Company) individually and in solido with the original defendant Massey-Ferguson, Inc. Subsequently plaintiff, Estus Sharp, and third party plaintiff, Massey-Ferguson, Inc., amended their respective petitions naming Fidelity and Casualty Company of New York (insurer of the Deutsch Company) as party defendant and third party defendant, respectively, alleging Selwyn Pacific Company was only the marketing subsidiary of the Deutsch Company and the latter company actually manufactured the safety valve and sold it through its marketing subsidiary and further alleging the negligence of the Deutsch Company in the manufacture and design of the valve. Plaintiff, Estus Sharp, in his supplemental petition, prayed for judgment against all defendants, jointly and in solido.
On February 15, 1960 judgment was signed in favor of Selwyn Pacific Company against Plaintiff sustaining an exception to the jurisdiction ratione personae and dismissing Plaintiff’s suit as against Selwyn Pacific Company. From which judgment no appeal was taken.
Plaintiff maintains the Defendants named in his supplemental petitions are •solidarily liable to him for the injuries he sustained and inasmuch as suit was instituted against Massey-Ferguson, Inc. within one year from the date of the injury prescription was thereby interrupted against all subsequently named joint tort feasors.
In Franks v. City of Alexandria, La.App., 128 So.2d 310, in disposing of a similar issue, the Court of Appeal, Third Circuit, said:
“In the supplemental and amended petition, Watson, White and Broussard are alleged to be joint tort-feasors with the defendants named in the original petition, and, as such, plaintiffs contend that all of said defendants are liable in solido for the damages claimed. We agree that under the allegations contained in the pleadings all of the individuals named as defendants in this suit must be considered as joint tort-feasors and, if liability is established, they would be solidary obligors. LSA-C.C. Art. 2324; Abrego v. Tri-State Transit Co., La.App. 1 Cir., 22 So.2d 681; Knott v. Litton, La.App. 2 Cir., 81 So.2d 124.
“Article 2097 of the LSA-Civil Code provides that ‘a suit brought against one of the debtors in solido interrupts prescription with regard to all.’ And, LSA-C.C. Art. 3552 provides that ‘a citation served upon one debtor in solido * * * interrupts the prescription with regard to all the others and even their heirs.’ In view of these provisions of the Code, we conclude that the timely filing of suit against McManemin, Riche and Poe interrupts prescription as to the defendants who were later named in the supplemental and amended petition. For that reason the plea of prescription filed by Watson, White and Broussard in this court must be overruled.” See also Hidalgo v. Dupuy, La.App., 122 So.2d 639.
Accordingly, the exceptions of no cause of action and of prescription filed by Defendants to Plaintiff’s supplemental petitions were improperly sustained by the Trial Court.
*511 Insofar as the third party complaints filed by defendant and third party plaintiff Massey-Ferguson, Inc., an examination of said complaints reveals Third Party Plaintiff is seeking not contribution but indemnification from Third Party Defendants. Thus, the obligation Third Party Plaintiff seeks to enforce against Third Party Defendants is one of quasi contract giving rise to the application of the prescriptive period provided for such contracts. Therefore, its complaints being made well within such period the plea of prescription of one year, applicable to suits for contribution or for tort, is inapplicable.
In the recent case of Edward Levy Metals, Inc. v. New Orleans Pub. Belt R., 243 La. 860, 148 So.2d 580, the Supreme Court made the following observation in reference to prescription applicable to one seeking indemnification:
“In Marquette Casualty Co. v. Brown, 235 La. 245, 103 So.2d 269 (1958), we analyzed the Appalachian decision and found that the action there was for indemnification. We think the same is true of this case for the railroad’s responsibility here to its shipper arises out of the fact that Southern Scrap Material Company, Ltd., has the scrap steel in its possession. Inasmuch as this action is one for indemnity, it is unimportant whether that indemnification is based upon tort or a quasi contractual theory of unjust enrichment since prescription does not commence to run against a party seeking indemnification until it has been cast, and here the third party plaintiff has not yet been cast in judgment.”
Under LSA-C.C.P. Articles 1031 and 1111 a defendant may, by third party petition, institute action against the adverse third party who is or may be liable to him for all or part of the principal demand.
For these reasons the judgment of the Trial Court rendered on the 12 day of February, 1962, read and signed on the 16 day of February, 1962 maintaining the (1) exceptions of no cause of action and of no right of action and the pleas of prescription filed by The Travelers Insurance Company and Pressed Steel Tank Company and dismissing them from the suit is reversed at Appellees’ costs; and the judgment rendered on the 12 day of February, 1962, read and signed on the 20 day of February, 1962 sustaining the (2) exceptions of no cause and of no right of action, and prescription, filed by Fidelity and Casualty Company of New York and the exceptions to the jurisdiction filed by Selwyn Pacific Company to the Third Party demand of Massey-Ferguson, Inc. and dismissing the principal demand of Estus Sharp as well as the Third Party demand of Massey-Ferguson, Inc. against the Fidelity and Casualty Company of New York as insurer of both Selwyn Pacific Company and the Deutsch Company and dismissing the Third Party demand of Massey-Ferguson, Inc. as to Selwyn Pacific Company is reversed at Appellees’ cost. And, accordingly, the case is remanded to the Trial Court for further proceedings.
Reversed and remanded.