LANDRY, Judge.
Plaintiff (Appellant) appeals the judgment of the trial court dismissing his action in tort against The Travelers Insurance Company (Appellee) upon Appellee’s plea of one year’s prescription. We dismiss the appeal.
The accident occurred August 2, 1968. Appellant’s original petition, filed April 21, 1969, sought damages of $75,000.00 from Shell Chemical, Inc. Appellant alleged his injuries occurred as a result of the negligence of Shell’s employee, Jim Champagne, and that Shell was not Appellant’s employer but a third party. Alternatively, Appellant claimed Workmen’s Compensation benefits from Shell and its alleged insurer, Hartford Accident & Indemnity Company. Shell excepted to Appellant’s petition on the ground that Appellant’s remedy was exclusively for Workmen’s Compensation benefits. Hartford answered asserting Appellant was employed as a millwright by H. C. Wiese, Inc., whom Hartford insured. Hartford also alleged Appellant was injured in the course and scope of his employment by Wiese and that Hartford had made certain compensation payments to Appellant. On this basis, Hartford filed a third party action to recover the amounts paid Appellant.
By supplemental and amended petition filed August 1, 1969, Appellant impleaded Jim Champagne as a defendant in the tort action on the ground that Champagne’s negligence contributed to Appellant’s injury. Appellant alleged his belief that Champagne was deceased and prayed that, *432 if this assumption be true, Champagne’s heirs be made parties to the action.
On March 30, 1970, Appellant filed a second supplemental and amending petition dismissing his action against Shell, correcting the spelling of the name of defendant Jim Champagne to Jim Champine, and naming Travelers as a defendant on the ground that Travelers was Champine’s insurer.
The record discloses that Travelers’ exception of prescription was tried September 3, 1971, and judgment rendered that same date sustaining the exception and dismissing Appellant’s action as to Travelers. Judgment was signed below in open court on September 7, 1971, and Appellant duly-appealed therefrom.
It is most significant that the record contains no transcript of the testimony taken or the proceedings had upon trial of Travelers’ exception. We likewise note the absence of an agreed statement of fact between counsel as to the testimony adduced, and also the nonexistence of a narrative of fact by the trial court. No complaint is made by Appellant that the testimony and proceedings on trial of the exception were taken down and recorded, and that the transcript thereof does not appear in the record on appeal. We therefore assume the testimony taken on trial of the exception was not recorded. Neither does Appellant complain of or account for the absence of either an agreed statement of fact between counsel or a narrative of fact by the trial court. Appellant merely asserts that the trial court erred in failing to hold that Champine and Travelers were solidary obligors and consequently the filing of suit against Champine interrupted prescription against Travelers.
It is elementary that whether parties are solidarily liable depends upon the existence of circumstances which give rise to a solidary obligation.
It is well settled that upon trial of an exception of prescription, evidence is admissible to prove whether the claim has or has not prescribed. Ludlam v. International Paper Company, La.App., 139 So.2d 67.
An action in tort prescribes one year after the occurrence of the injury producing accident. LSA-C.C. art. 3536.
Where an action is prescribed on its face, plaintiff bears the burden of proving an interruption of prescription. Hunter v. Sisters of Charity of Incarnate Word, La.App., 236 So.2d 565.
Since Appellant’s claim against Travelers is prescribed on its face, it was incumbent upon Appellant to prove interruption of prescription.
Where testimony taken on trial is not recorded, the burden rests upon Appellant to furnish, as part of the record on appeal, either an agreed statement of fact entered into between counsel or a narrative of fact by the trial court. LSA-C.C.P. arts. 2130, 2131; Webre v. Heard, La.App., 207 So.2d 880.
It is well settled that, where factual issues are involved, and the record on appeal contains neither a transcript of testimony, nor an agreed statement of fact entered into between counsel, nor a narrative of fact by the trial court, there is nothing for the Appellate Court to review and the appeal will be dismissed. Webre v. Heard, above.
Accordingly, this appeal is dismissed at Appellant’s cost.
Appeal dismissed.