309 So.2d 909 (1975)
Betty Jane Turner WICK, Plaintiff-Appellant,
v.
Frederick SELLERS et al., Defendants-Appellees.
No. 4917.
Court of Appeal of Louisiana, Third Circuit.
March 19, 1975.
Rehearings Denied April 15, 1975.
Writ Refused June 17, 1975.
*910 J. Minos Simon and Louis M. Corne, Lafayette, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe by Edward C. Abell, Jr., Allen, Gooch & Bourgeois by Paul J. Breaux, Lafayette, Landry, Watkins, Cousin & Bonin, Wm. O. Bonin, New Iberia, Voorhies & Labbe by H. Lee Leonard, Lafayette, Watson, Blanche, Wilson & Posner by David W. Robinson, Baton Rouge, Broussard, Broussard & Moresi by Marcus A. Broussard, Jr., Abbeville, for defendants-appellees.
Before FRUGÉ, DOMENGEAUX and WATSON, JJ.
WATSON, Judge.
In this widow's action to recover on behalf of herself and her children for the death of the husband and father, Alfred C. Wick, the trial court sustained an exception of peremption and no cause or right of action filed by two defendants who were brought in more than one year after the death of Wick. The widow appeals, contending that the trial court erred in holding that her original suit against other defendants, alleged to be solidary obligors, did not interrupt the one-year period.
The plaintiff is Betty Jane Turner Wick and she sues on behalf of herself and her four minor children. Her original petition was filed on August 11, 1972; the alleged date of death of her husband was August 12, 1971; she named as defendants, Frederick Sellers and Intra-Coastal City Terminal, Inc., and also included "persons unknown at this time".
This litigation has been before this court on one prior occasion on issues not related to the present appeal. See La.App., 301 So.2d 744.
By an amending petition filed on February 23, 1973, plaintiff also named as defendants, Trahan Brothers Marine Service, Inc., Ray Trahan, Service Trucklines, Inc., Southwest Louisiana Electric Membership Corporation ("SLEMCO") and Bob Sanders. The death of Wick is alleged to have occurred as a result of negligence on the part of all defendants, including those originally named and those added by the amending petion. The amending petition, therefore, alleged solidary liability among all defendants.
The defendants, SLEMCO and Service Trucklines, each filed exceptions in which they contended that: plaintiff's petition alleged the death of Wick on August 12, 1971; defendants SLEMCO and Service were not made parties to the litigation until February 23, 1973 (more than one year after the date of death); the cause of action for wrongful death under Article 2315 of the Louisiana Civil Code survives for only one year from the date of death; plaintiff's claim was perempted; and plaintiff's petition failed to state a cause or right of action.
These exceptions were sustained without the assignment of written reasons by the trial court.
*911 The pertinent statute is LSA-C.C. art. 2315 which reads as follows:
Art. 2315. Liability for acts causing damage; survival of action
Art. 2315. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.
As used in this article, the words "child", "brother", "sister", "father", and "mother" include a child, brother, sister, father, and mother, by adoption, respectively. (Amended by Acts 1948, No. 333, § 1; Acts 1960, No. 30, § 1.)
Plaintiff contends that the one year period of Article 2315 was interrupted by filing of suit against the original defendants, alleged to be joint tort-feasors with Service Trucklines and SLEMCO. Plaintiff relies on LSA-R.S. 9:5801 and LSA-C.C. art. 2097 which provide:
§ 5801. Interruption of prescription by filing of suit, service of process
All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process. As amended Acts 1960, No. 31, § 1.
Art. 2097. A suit brought against one of the debtors in solido interrupts prescription with regard to all.
The issue is, therefore, whether additional defendants, alleged to be solidary obligors, may be brought into a suit for wrongful death after the one year period of Article 2315 has expired.
Authority has been cited from the jurisprudence on both sides of the issue. Our research has revealed additional cases which have touched upon the questions involved.
None of the decisions have involved precisely the various elements of the instant case, although some have presented facts not distinguishable. For example, Franks v. City of Alexandria, 128 So.2d 310 (La. App. 3 Cir. 1961) was a case in which plaintiffs amended their petition in a wrongful death action to add other defendants, alleged to be joint tort-feasors, after the one year period following the death had expired. An exception of prescription was filed and considered by this circuit on appeal. The exception was overruled, the court using the following language:
"In the supplemental and amended petition, Watson, White and Broussard are *912 alleged to be joint tort-feasors with the defendants named in the original petition, and, as such, plaintiffs contend that all of said defendants are liable in solido for the damages claimed. We agree that under the allegations contained in the pleadings all of the individuals named as defendants in this suit must be considered as joint tort-feasors and, if liability is established, they would be solidary obligors. LSA-C.C. Art. 2324; Abrego v. Tri-State Transit Co., La.App. 1 Cir., 22 So.2d 681; Knott v. Litton, La.App. 2 Cir., 81 So.2d 124.
"Article 2097 of the LSA-Civil Code provides that `a suit brought against one of the debtors in solido interrupts prescription with regard to all.' And, LSA-C.C. Art. 3552 provides that `a citation served upon one debtor in solido * * * interrupts the prescription with regard to all the others and even their heirs.' In view of these provisions of the Code, we conclude that the timely filing of suit against McManemin, Riche and Poe interrupts prescription as to the defendants who were later named in the supplemental and amended petition. For that reason the plea of prescription filed by Watson, White and Broussard in this court must be overruled." 128 So.2d 314.
While it may be noted that peremption was not (apparently) argued to the court,[1] the facts are identical to those of the instant case and the law today is the same. This court did not notice or make any distinction between prescription and peremption in a wrongful death action.
A later case from this circuit taking the position that pendency of a suit interrupts peremption or prescription in a wrongful death action is Marshall v. Southern Farm Bureau Casualty Co., 204 So.2d 665 (La. App. 3 Cir. 1967); writ refused 251 La. 860, 206 So.2d 711; U.S. cert. den. in 393 U.S. 883, 89 S.Ct. 189, 21 L.Ed.2d 158. This court stated:
"The District Court held, and correctly so, that the pendency of that matter in the Federal Court suspended the prescriptive or peremptive period from the time it was filed, July 11, 1963, to the action of the United States Supreme Court on April 18, 1966." 204 So.2d 667.
An earlier case decided by the United States Fifth Circuit Court of Appeals expressed the view that the Louisiana legislature intended the "peremption" of Article 2315 to be within the scope of Act 39 of 1932 (R.S. 9:5801). In Thompson v. Gallien, 127 F.2d 664 (5 Cir. 1942), the court said:
"Although the limitation imposed by Article 2315 has been held to be peremptive rather than prescriptive, the courts of the state in several instances have held the limitation to be interrupted in cases of peremption and prescription alike, under circumstances and in language indicating that the filing of suit interrupts the running of the limitation without regard to whether it is peremptive or prescriptive. Moreover, Act 39 relates to `prescriptions affecting the cause of action.' Since peremption affects the cause of action and prescription only affects the remedy, it may well be that the legislature intended by this Act to apply the same principle of law to peremptions that the courts long had been applying to prescriptions, thereby erasing any distinction between them in this regard." 127 F.2d 665, 666
The holding of the case was to allow a different party defendant (a reorganization *913 trustee instead of the railroad) to be named after the one year period had run following the death sued on.
The same court has expressed a somewhat different view in a subsequent case. However, Gaston v. B. F. Walker, Inc., 400 F.2d 671 (1968), cited as supporting the exceptors' position, does not deal with interruption of prescription or peremption; the discussion of peremption is dicta as to the issue in the instant case.
The decision of Succession of Roux v. Guidry, 182 So.2d 109 (La.App. 4 Cir. 1966); writ refused, 248 La. 1106, 184 So. 2d 27; is heavily relied on by exceptors and it is correct that the Fourth Circuit endorsed in strong terms the concept of peremption and declined to allow heirs to be substituted as parties plaintiff for the succession administrator in a wrongful death action. The Fourth Circuit took the view that the succession representative "... had absolutely no right or authority to bring such an action," and that the proper plaintiffs were never in court within the one year period. This distinguishes the case from the instant situation where the plaintiffs are in court and had sued the original defendants before the one year period had run. There is alleged, in the present action, to be the relationship of joint tort-feasors between the original defendants and those added by amendment. They would be solidary obligors if the plaintiff proves her case. We find a distinction between Succession of Roux v. Guidry, supra, and the case before us.
Several other cases have touched on the peremption-prescription concept. We find most of the pronouncements which seem to relate to the issue before us to be dicta, and no purpose would be served by analyzing each of them. Suffice it to say that this Circuit has consistently treated the one year period of Article 2315 as subject to interruption by suit.
We conclude that the better reasoned cases and those which afford a larger measure of justice would resolve the issue against exceptors. The filing of suit by plaintiff against the original defendants interrupted the one year prescriptive or peremptive period of Article 2315 as to those now alleged to be solidarily liable. Therefore, the trial court erred in sustaining the exceptions. The judgment is reversed at appellees' costs.
Reversed.
DOMENGEAUX, J., concurs and assigns written reasons.
DOMENGEAUX, Judge (concurring).
The majority reverses the judgment of the district court which sustained the exception of peremption filed by some defendants, essentially on the basis that this Circuit has heretofore treated the one year period of C.C. Art. 2315 as being subject to interruption by suit. Although I concur in the result reached herein, I do so with some reluctance, in view of the strong argument made by appellees to the effect that plaintiff's amending petition naming new defendants comes too late under the laws of peremption. See Succession of Roux v. Guidry, 182 So.2d 109 (La.App., 1966), writ refused 248 La. 1106, 184 So.2d 27 (there appears no error of law in the judgment of the Court of Appeal); 43 Tulane Law Review 330 et seq.
This case presents an opportunity to our Supreme Court to elucidate on the subject of peremption vis a vis prescription insofar as it affects survival actions under C.C. 2315.
I respectfully concur.
NOTES
[1] Another case in a similar posture is Trahan v. Liberty Mutual Insurance Co., 303 So.2d 606 (La.App. 3 Cir. 1974), but it is now pending on writs granted. We will not consider its applicability at length, but will note merely that the result here is consistent with Trahan. Both plaintiff and defendants also cite J. Wilton Jones Co. v. Liberty Mutual Insurance Co., 248 So.2d 878 (La.App. 4 Cir. 1970); writ refused, 249 So.2d 202; as supporting their view of the decisive issue; we read the case to deal only with survivorship and not wrongful death.