361 So.2d 298 (1978)
Zola Mae David FONTENOT et al.
v.
Charles J. O'BRIEN et al.
No. 12116.
Court of Appeal of Louisiana, First Circuit.
July 10, 1978.
William C. Bradley, Baker, of counsel for plaintiff-appellant, Zola Mae David Fontenot, et al.
James A. George, Baton Rouge, of counsel for defendant-appellee, Charles J. O'Brien, Jr.
Donald T. W. Phelps, Baton Rouge, of counsel for third party defendant-appellee, Inter. Harvester Corp.
Paul H. Spaht, Baton Rouge, of counsel for third party defendant-appellee, Fruehauf Corp.
Before LOTTINGER, EDWARDS and PONDER, JJ.
LOTTINGER, Judge.
This is an action ex delicto. From a judgment sustaining a plea of prescription to an amended petition adding a defendant, plaintiffs have appealed.
Plaintiffs filed suit for the wrongful death of Hampton Lee Fontenot as a result of a collision between the tractor-trailer truck the decedent was driving and a cow. At the time of the accident, the decedent was employed by Matlack, Inc., and driving its truck. Named defendants were six executive officers of Matlack, Inc., two unnamed *299 executive officers and an unnamed insurer.
This accident happened on September 4, 1971. Suit was filed on September 1, 1972, generally alleging that the defendants provided the decedent with an unsafe truck. On March 24, 1977, the original named defendants filed a third party petition against International Harvester Company alleging it was the manufacturer and/or distributor of the truck the decedent was driving at the time of his death, and same was unsafe and defective. Then on October 25, 1977, plaintiffs filed an amended petition naming, for the first time, International Harvester Company as a defendant and alleging its in solido liability with the named and unnamed executive officers and the unnamed insurer. To the amended petition, defendant, International Harvester Company, filed the peremptory exception of prescription which was maintained by the trial court.
A suit for wrongful death under LSA-C.C. art. 2315 must be brought within one year from the date of the death of the decedent since tort actions prescribe in one year. LSA-C.C. art. 3536.
It is now well established that the filing of suit by plaintiff against the original defendant will interrupt the one year prescriptive period of LSA-C.C. art. 3536 as to those defendants later joined and alleged to be solidarily liable. Wick v. Sellers, 309 So.2d 909 (La.App. 3rd Cir. 1975), application denied 313 So.2d 828 (1975).
In addition to citing Wick v. Sellers, supra, plaintiffs-appellants also cite LSA-C.C. art. 2097, which provides:
"A suit brought against one of the debtors in solido interrupts prescription with regard to all."
Defendant-International argues that there is no basis upon which it can be held a joint tortfeasor solidarily liable with the original defendants, in that the claimed acts of negligence of International and the executive officers have no connexity. It contends that International is alleged to have been negligent in the manufacture and design of certain portions of the truck, whereas the executive officers are alleged to have been negligent in failing to provide a safe place to work. In support thereof, it cites Trahan v. Liberty Mutual Insurance Company, 314 So.2d 350 (La. 1975).
After carefully studying both the original petition and the amended petition naming as an additional defendant, International, we cannot agree with defendant-appellee that plaintiffs only contend that the original defendants failed to provide a safe place to work. The original petition specifically alleged at paragraph 9(a) that the original defendants were negligent "in knowingly, willfully or negligently providing the said Hampton Lee Fontenot with a truck tractor to drive, in connection with his said employment wherein the brakes, steering, and other mechanical portions of said truck were unsafe, and/or inherently dangerous". We find a connexity between the alleged negligence of the original defendants and the defendant-International, and as pleaded, the original defendants and International must be considered as joint tortfeasors.
We do not find Trahan v. Liberty Mutual Insurance Company, supra, controlling. Each case must be decided on its own facts. In Trahan, after suits by the widows of deceased workmen killed in a salt mine against executive officers and their insurers were dismissed, widows of two of the deceased filed suits against the same insurance companies alleging the negligence of fellow deceased workers. The Supreme Court disposed of LSA-C.C. art. 2097 by finding that the insurer is only liable if the insured is liable, and thus since the original defendant executive officers were not liable, the first suit did not interrupt prescription.
However, LSA-R.S. 9:5801 gave to the court more trouble, for it is not limited to solidary obligators. It in part provides that:
"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue."
*300 In maintaining the exception, its decision turned on the clause "the cause of action" as found in LSA-R.S. 9:5801. At 314 So.2d 353 the court said:
"A cause of action in tort has no identity independent from the defendant upon whose fault it is based. In the first suit the cause of action was based upon, and it encompassed, only the negligence of the six named executive officers. In the second suit, the cause of action is based upon the negligence of Chrzanowski [one of the deceased]."
It was not alleged that the executive officers were solidarily liable with the deceased-defendants in the second suit, thus the court found that the second suit did not have the same cause of action as the first. That, however, is not the case before this court.
Therefore, we are of the opinion that the instant situation is controlled by LSA-C.C. art. 2097 and Wick v. Sellers, supra, Patin v. Stockstill, 315 So.2d 868 (La.App. 1st Cir. 1975), Hooper v. Wilkinson, 252 So.2d 137 (La.App. 3rd Cir. 1971), Sharp v. Massey-Ferguson, Inc., 153 So.2d 508 (La.App. 1st Cir. 1963) and Franks v. City of Alexandria, 128 So.2d 310 (La.App. 3rd Cir. 1961). The trial judge was therefore in error in maintaining the peremptory exception of prescription.
Therefore, for the above and foregoing reasons the judgment of the trial court is reversed and this matter is remanded to the trial court. All costs of this appeal are to be paid by defendant-appellee.
REVERSED AND REMANDED.