CHEHARDY, Judge.
Plaintiff, Ozeme J. Mitchell, appeals a trial court decision dismissing, on the exception of prescription, defendants Donald Dillon and A. J. Thibodaux from plaintiff’s suit for personal injuries, each party to pay his own costs.
Plaintiff originally filed suit against Gary Zeringue, Paul LeBlanc and the St. Charles Sheriff’s Office on August 27,1976, alleging that he received personal injuries as a result of assault, illegal arrest and search, and false imprisonment when he was arrested by Zeringue and LeBlanc on or about February 10, 1976.
On May 18, 1978, plaintiff filed a second amended petition, adding as parties defendant Sergeant Donald Dillon and Detective A. J. Thibodaux, both residents of the Parish of Jefferson, and alleging they were liable jointly, severally, and in solido with the defendants already named in the suit. Plaintiff further alleged that in addition to the actions complained of by the original defendants, Dillon and Thibodaux arrested, handcuffed and assaulted plaintiff.
*911 On March 19, 1979, the district court rendered judgment, which stated in part:
“3. The exception of no cause of action and the motion for summary judgment urged by Gary Zeringue and Paul LeBlanc are dismissed and denied, respectively.
“4. The Plaintiff, Ozeme J. Mitchell, is hereby ordered to amend his petition within twenty (20) days so as to delete any and all reference to alleged acts of assault and battery by the Defendants Gary Zeringue and Paul LeBlanc.”
The judgment also dismissed the St. Charles Parish Sheriff’s Office as a party defendant.
Plaintiff’s fourth amended petition filed on April 3, 1979, amended earlier pleadings, particularly amending Paragraph III of his original petition so that the last sentence of the said paragraph read: “Your petitioner was handcuffed and brutally assaulted by the Defendants Sgt. Donald Dillon and Detective A. J. Thibodaux during his arrest.” He also amended Paragraph I of his first amended petition (which, in turn, had amended Paragraph III of his original petition) so that the last sentence of the said paragraph read: “Your petitioner was handcuffed and brutally assaulted by the Defendants Sgt. Donald Dillon and Detective A. J. Thibodaux during his arrest.”
Paragraph I of plaintiff’s first amended petition, in fact, had originally stated in part that defendants Zeringue and LeBlanc on February 10, 1976, at approximately 6 a. m., maliciously, recklessly and in a willful and wanton manner burst into plaintiff’s residence, arrested, handcuffed and assaulted plaintiff during the incident.
The district court rendered judgment on October 29,1979, maintaining the exception of prescription filed by Dillon and Thibo-daux, and from this judgment plaintiff appeals.
In the case of Fontenot v. O’Brien, 361 So.2d 298, 299 (La.App. 1st Cir. 1978), the court said:
“It is now well established that the filing of suit by plaintiff against the original defendant will interrupt the one year prescriptive period of LSA-C.C. art. 3536 as to those defendants later joined and alleged to be solidarily liable. Wick v. Sellers, 309 So.2d 909 (La.App. 3rd Cir. 1975), application denied 313 So.2d 828 (La.1975).”
In Fontenot, supra, the court reversed and remanded a district court judgment maintaining a peremptory exception of prescription as to two defendants named after the passage of one year since the alleged incident, because the suit against the original defendant had been timely filed. As the court also explained at page 299:
“ * * * We find a connexity between the alleged negligence of the original defendants and the defendant-international, and as pleaded, the original defendants and International must be considered as joint tort-feasors.”
In the present case the trial court judge’s order of March 19,1979, directing the plaintiff to amend his petition and delete all reference to alleged acts of assault and battery by Zeringue and LeBlanc precluded any determination by the court at a trial on the merits that these two defendants could be held liable in solido with Dillon and Thibodaux regarding the alleged acts of assault and battery.
Moreover, a review of the plaintiff’s deposition, part of which was in the record received by this court, indicates that the alleged arrest of the plaintiff was made by Zeringue and LeBlanc, whereas the alleged handcuffing and acts of assault were perpetrated by Dillon and Thibodaux.
In view of the above, we must hold that since there is not that connexity that would allow these four defendants to be held liable in solido in the plaintiff’s cause of action, the timely filing of the plaintiff’s original petition against Zeringue and LeBlanc did not interrupt the running of prescription as to Thibodaux and Dillon. Therefore, the plaintiff’s cause of action as against Thibodaux and Dillon was prescribed prior to their inclusion in the lawsuit.
*912 This court is bound to follow the reasoning expressed in Gibson v. Exxon Corporation, 360 So.2d 230 (La.App. 1st Cir. 1978), and must conclude that since Dillon and Thibodaux could not be held solidarily liable with Zeringue and LeBlanc for the alleged acts of assault and battery, the timely filing of this suit against the original defendants did not interrupt LSA-C.C. art. 3536’s prescriptive period as to Dillon and Thibodaux.
Accordingly, the trial court decision dismissing Donald Dillon and A. J. Thibodaux from the present case on the ground that the plaintiff’s cause of action against these two defendants as prescribed is affirmed in all respects. Plaintiff is to bear all costs of this appeal.
AFFIRMED.