391 So.2d 66 (1980)
Raleigh J. CLEMENTS, Individually and as Administrator of the Estate of Lane Clements and Jeanette Clements
v.
STATE DEPARTMENT OF HEALTH, SOCIAL & REHABILITATION SERVICES, Division of Charity Hospital of Louisiana in New Orleans.
No. 10963.
Court of Appeal of Louisiana, Fourth Circuit.
November 12, 1980.
Rehearing Denied December 19, 1980.
Writ Refused February 13, 1981.
*67 Terry A. Bell, New Orleans, and Darryl J. Carimi, Gretna, for plaintiffs-appellants.
H. M. Westholz, Jr., New Orleans, for Louisiana Department of Health and Human Resources, defendants-appellees.
Montgomery, Barnett, Brown & Read, Wood Brown, III, New Orleans, for Dr. Gary Arnold, et al., defendants-appellees.
Before SAMUEL, GULOTTA and BOUTALL, JJ.
SAMUEL, Judge.
Lane Clements died on June 5, 1973 while receiving medical care at Charity Hospital in New Orleans. His parents timely filed a suit for malpractice against the hospital (i. e., the appropriate state department) on June 5, 1974. Almost four years later, on June 1, 1978, plaintiffs filed an amended petition joining as defendants the alleged treating physicians, Dr. Gary Arnold and Dr. John H. Kuzman, and Employers Mutual Liability Insurance Company of Wisconsin, their liability insurer, alleging those physicians were joint tort feasors with the hospital in causing the death of Lane Clements.
Plaintiffs[1] have appealed from a trial court judgment maintaining pleas of prescription filed by Arnold, Kuzman and Employers Mutual and dismissing plaintiffs' suit against those defendants.
Under Civil Code Article 2097[2] and our settled jurisprudence[3] a timely filed suit against one defendant interrupts prescription against all others who are sued later and are liable in solido with the originally sued defendant. Plaintiffs also correctly contend the two added individual defendants and their liability insurer are solidarily liable for negligence on the part of those individuals.[4]
Appellees concede that in ordinary cases the effect of Civil Code Article 2097 is to render prescription "unlimited" as to all solidary obligors once timely suit is filed against one of them, and prescription cannot successfully be pleaded by a later added solidary obligor irrespective of the number of years which have passed since the timely filing of the original suit. However, they contend, and the judgment appealed from appears to be based on that contention, that *68 this rule has been abrogated by R.S. 9:5628[5] which provides:
"A. No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts." LSA-R.S. 9:5628.
Appellees argue that the here critical phraseology is in Section A of the statute, which provides: "... in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect." (emphasis ours); that the phrase "in all events" is peremptive in nature and eliminates later suits against physicians, including those who are solidary obligors with persons timely sued; that the three year peremptive period extinguishes the claim and is not merely a procedural bar to its assertion;[6] that this peremptive period is a statement of legislative intent and policy to encourage the practice of the medical arts by eliminating what they call "the long tail of potential liability" which endangers the medical profession; and that, especially in view of its repealer clause in Act No. 214 of 1976, section 3, which states: "All laws or parts of laws in conflict herewith are hereby repealed, ...", the statute impliedly repeals Civil Code Article 2097 insofar as that article conflicts with the legislative intent of providing a definitive end of physicians' liability. We do not agree.
While statutes of limitation are remedial in nature and as such are generally accorded retroactive effect in the absence of language showing a contrary intention, both state and federal constitutions prohibit them from being applied retroactively so as to deprive a person of a vested right unless they allow a reasonable time for those affected by the statute to assert their rights.[7] A right is vested when "the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest. The right must be absolute, complete and unconditional, independent of a contingency, and a mere expectancy of future benefit ... does not constitute a vested right."[8]
In the instant case, as we have said, suit was filed against the original defendant on June 5, 1974, more than a year prior to the September 12, 1975 effective date of R.S. 9:5628. At the time the suit was filed against the original defendant plaintiffs acquired a vested right, i. e., an absolute, complete and unconditional right, independent of any contingency, to make appellees party defendants as solidary obligors without being barred from doing so by prescription or peremption. Thus, as R.S. 9:5628 does not allow a reasonable time for those affected by the statute to assert their rights, the statute cannot validly deprive plaintiffs of that right, regardless of what may have been the intent of the legislature.
For the reasons assigned, the judgment appealed from is reversed, the pleas of prescription are overruled, and this case is remanded to the trial court for further proceedings in accordance with law and with *69 the views herein expressed. Defendants-appellees are to pay all costs of this appeal. All other costs are to await a final determination.
REVERSED AND REMANDED.
NOTES
[1] After the amended petition was filed, and prior to plaintiffs' appeal, Raleigh H. Clements died and his then major children, Curtis A. Clements, Alice Theresa Clements and Wayne John Clements were substituted as plaintiffs in his place. His wife, Jeanette Clements, remained a plaintiff, individually and on behalf of the two minor children.
[2] LSA-C.C. Art. 2097 reads: "A suit brought against one of the debtors in solido interrupts prescription with regard to all."
[3] Fontenot v. O'Brien, La.App., 361 So.2d 298; Wick v. Sellers, La.App., 309 So.2d 909; Hooper v. Wilkinson, La.App., 252 So.2d 137; Sharp v. Massey-Ferguson, Inc., La.App., 153 So.2d 508; and Franks v. City of Alexandria, La.App., 128 So.2d 310.
[4] Plaintiffs cite Pearson v. Hartford Accident & Indemnity Company, La., 281 So.2d 724, and Hidalgo v. Dupuy, La.App., 122 So.2d 639.
[5] Act 808 of 1975 as amended by Act 214 of 1976.
[6] See Burmaster v. Gravity Drainage Dist. No. 2, La., 366 So.2d 1381.
[7] Lott v. Haley, La., 370 So.2d 521, and cases cited therein.
[8] Tennant v. Russell, 214 La. 1046, 39 So.2d 726; Berteau v. Weiner Corp., La.App., 362 So.2d 806, 808.