DUFRESNE, Judge.
This appeal arises from a zoning dispute over property in Jefferson Parish zoned R-l, Single Family Residential. The Parish of Jefferson (defendant) appeals an adverse judgment of the district court in which the court denied a peremptory exception of prescription and ordered the defendant to rezone Charles Bodenger’s (plaintiff) property from Single Family Residential (R-l) to General Commercial (C-2).
The property emboiled in this controversy is at Lot No. 6, Square 61 of Elmwood Subdivision, located on the corner of Holmes Boulevard and Behrman Highway on the Westbank of Jefferson Parish. The plaintiff filed for a zoning change in August 1980, to have this property rezoned to C-2, General Commercial. After advertisement, the Jefferson Parish Planning Department and the Planning Advisory Board conducted a public hearing in October 1980, and recommended that the property be rezoned C-2. The Jefferson Parish Council heard the request and denied the rezoning classification at its meeting held on December 3, 1980; however, returned the matter back to the Planning Department “with a view in mind” to reclassify the zoning of the property to GO-1, General Office District. (To date no action has been instituted to perfect this proposed zoning change.)
Subsequently, the plaintiff filed suit against the defendant for a permanent injunction ordering the defendant to amend the Comprehensive Zoning Code to reflect the reclassification of plaintiff’s property from Single Family Residential (R-l), to General Commercial (C-2). The trial court ordered the defendant to rezone the property as requested by the plaintiff and denied defendant’s plea of prescription. It is from this judgment that the defendant appeals, citing three errors as the basis therefor. These errors are:
1.) The district court committed error when the court overruled the peremptory exception of prescription filed by the defendant.
2.) The district court committed error by allowing Mr. Otto Greer to be qualified as an expert in the field of Real Estate in general.
3.) The district court committed error when it ordered the defendant to rezone the plaintiff’s property from R-l, Residential to C-2, Commercial.
*615 On appeal, the defendant avers, that plaintiff’s appellate recourse from the decision of the Jefferson Parish Council denying the rezoning change request had prescribed. The defendant asserts the following prescriptive provision found under the Comprehensive Zoning Ordinance of Jefferson Section XXVIII, Part 6 as dispositive in the resolutions of this appeal. That provision reads as follows:
“6. APPEALS FROM THE DECISION OF THE COUNCIL Any person or persons, or any officer, department, commission, board, district, or any other agency jointly or severally aggrieved by a decision of the Jefferson Parish Council may file appropriate legal proceedings to the District Court of the Parish of Jefferson, within a maximum time period of thirty (30) days after the decision of the Council.” (Emphasis added)
The chronology of events leading up to this appeal are paramount for the resolution of the prescription issue.
They are as follows:
1.) August 28, 1980 — Petition filed by the plaintiff to .request rezoning of property to C-2, General Commercial.
2.) September 3, 1980 — Ordinance No. 14446 was adopted. (Thirty day prescriptive period)
3.) September 13, 1980 — Ordinance No. 14446 became effective.
4.) October 14, 1980 — The Jefferson Parish Planning Department and the Planning Advisory Board conducted a public hearing on the plaintiff’s request and recommended the rezoning.
5.) December 3,1980 — The Jefferson Parish Council heard the request and denied the rezoning.
6.) March 25, 1981 — Petition for injunction filed in district court.
Pretermitting the issue of the retroactive effect of the subject ordinance, we hold that the mere filing for a zoning reclassification with the Jefferson Parish Planning Department does not manifest a vested right. A right is vested when “the right to enjoyment, present, or prospective, has become the property of some particular person or persons as a present interest. The right must be absolute, complete and unconditional, independent of a contigency, and a mere expectancy of future benefit ... does not constitute a vested right.” Clements v. State Department of Health, Social and Rehabilitation Services, 391 So.2d 66 (La.App. 4th Cir.1980).
As in the present case, the denial of the zoning reclassification request on December 3,1980 was the operative date upon which the prescriptive period was to commence. This starting date (that is, December 3, 1980) upon which the prescriptive period was to begin fell within the ambit of the thirty (30) day prescriptive period of Ordinance No. 14446, which became effective on September 13, 1980.
On December 3, 1980, the decision of the Parish Council became definitive and the aggrieved party (namely, plaintiff) had thirty (30) days to file an appeal in the district court relative to the adverse decision. In view of this, we find that the right of plaintiff in the instant case to resort to the district court arose, at the earliest, on December 3, 1980, when the Jefferson Parish Council denied the plaintiff’s re-zoning request.
His suit for injunctive relief was filed on March 25, 1981, outside the parameters of the allowable thirty (30) day period.
As this principle is controlling for the resolution of this appeal, we need not concern ourselves with the remaining issues.
For the reasons assigned, the judgment of the lower court overruling the plea of prescription is reversed and set aside. Costs of this appeal are to be paid by the plaintiff.
REVERSED.