448 So.2d 211 (1984)
Mello B. LEVRON, et al.
v.
Ledon BONIN.
No. 83 CA 0532.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
*212 Irving J. Warshauer, Kierr, Gainsburgh, Benjamin, Fallon & Lewis, New Orleans, for plaintiffs-appellants Mello B. Levron, individually and as natural tutrix of her minor child, Heather M. Levron.
Keith M. Whipple, Atty. at Law, Houma, for defendant-appellee Ledon Bonin.
Gerard B. Wattigny of Armentor & Wattigny, New Iberia, for defendant-appellee Osee Monot.
Laurence E. Larmann, Hailey, McNamara, McNamara & Hall, Metairie, for defendant-appellee Marsh Equipment Co., Inc.
Before COVINGTON, COLE and SAVOIE, JJ.
SAVOIE, Judge.
Defendant-American Mutual Liability Insurance Company (American), as the alleged insurer of defendant-Swamp Buggies, Inc. (Swamp Buggies), filed an exception of prescription in response to plaintiff's suit for workmen's compensation benefits or, alternatively, the wrongful death of her husband. The exception having been granted, she appeals.
On August 23, 1980, plaintiff's husband was crushed by a bulldozer when it suddenly skidded and/or slipped and fell off a flat-bed trailer-truck while he was unloading it. As a result of these injuries, he died.
Plaintiff filed suit against defendant, Ledon Bonin, on March 17, 1981, for workmen's compensation benefits as well as penalties and attorney's fees as a result of Bonin's arbitrary and capricious refusal to pay such claim. Alternatively, she asserted a wrongful death action if the court determined that her husband was not an employee of Bonin. On August 21, 1981, plaintiff amended her petition to also include Marsh Equipment Company, Inc. (Marsh) as her husband's employer. Again, on August 27, 1982, plaintiff amended her petition to include Swamp Buggies as another employer of her husband. On *213 October 26, 1982, plaintiff's petition was again amended to include American as insurer of Marsh and/or Swamp Buggies. American filed a peremptory exception of prescription only as the alleged insurer of Swamp Buggies.
After hearing argument, judgment was rendered in favor of American, maintaining its exception of prescription. A rehearing having been denied, plaintiff appeals the trial court's judgment. The record does not reflect either written or oral reasons for the trial court's judgment.
On appeal, plaintiff asserts that the trial court erred in maintaining American's exception of prescription in that her untimely amended petitions alleging solidarity between Swamp Buggies, American, and Marsh related back to the timely filed petition against Marsh.
The burden of proving an exception of prescription is upon the party pleading it. Pearson v. Hartford Accident & Indemnity Company, 263 So.2d 430 (La.App. 1st Cir.1972), reversed and remanded, 281 So.2d 724 (La.1973). We find from the record, that American has failed to meet its burden.
If American is, in fact, the insurer of Swamp Buggies, prescription was interrupted as to American by plaintiff's allegations of solidarity between Swamp Buggies and Marsh. Such is true due to the established principles that (1) a suit brought against one of the debtors in solido interrupts prescription as to all debtors, L.S.A.-C.C. art. 2097, (2) insurers are solidarily bound with their insureds for actions arising out of their insured's acts, L.S.A.-R.S. 22:655, (3) one need only allege solidarity in his petition for an untimely petition to relate back to a timely filed petition, Fontenot v. O'Brien, 361 So.2d 298 (La.App. 1st Cir.1978), and (4) an action is commenced by the filing of suit; service and citation within the prescription period are unnecessary, L.S.A.-R.S. 9:5801; and Taranto v. Cook, 425 So.2d 1326 (La.App. 4th Cir. 1983).
Herein, plaintiff filed a timely suit against Marsh. Prescription was, therefore, interrupted against Marsh and any other defendant properly sued and bound in solido with it. L.S.A.-C.C. art. 2097. Thereafter, an untimely amended petition was filed against Swamp Buggies, alleging that it was solidarily bound with Marsh. Due to this allegation of solidarity, we find that this amended petition relates back to the timely filing of suit against Marsh. See Fontenot, supra. Moreover, as prescription has not run against Swamp Buggies, L.S.A.-C.C. art. 2097, a fortiori, it has not run against its insurer, American, L.S.A.-R.S. 22:655.
American, citing Palmisano v. United States Fidelity & Guaranty Company, 371 So.2d 386 (La.App. 4th Cir.), writs granted, 374 So.2d 663 (La.1979), appeal dismissed per settlement, 376 So.2d 155 (La.1979), states that Marsh was required to be served within the one year prescriptive period (see L.S.A.-R.S. 23:1209 for workmen's compensation claims and L.S.A.-C.C. art. 2315 for the wrongful death claim) for the prescriptive period to be interrupted. Such is not the law in Louisiana where the suit was filed in competent court and proper venue. In such instances, prescription is interrupted when the obligee commences the action against the obligor.[1] Under the above described facts and law, we find that the exception was erroneously granted.
If American is not the insurer of Swamp Buggies, the exception of prescription may have been properly maintained. However, we are unable to determine from the record *214 whether or not American is the insurer of Swamp Buggies. Accordingly, we remand this matter back to the trial court for a proper determination of American's status as to Swamp Buggies and any other proceedings which the trial court deems fit for the proper resolution in this matter.[2] American is to pay all costs of this appeal.
REMANDED.
NOTES
[1] L.S.A.-C.C. art. 3462 provides that:

"Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period."
While L.S.A.-C.C. art. 3462 is new, it does not change the law in effect at the period in question. See L.S.A.-C.C. art. 3518 and L.S.A.-R.S. 9:5801, repealed by Acts 1982, No. 274, § 1, effective January 1, 1983.
[2] An appellate court can remand an action for proper consideration, when the record is so incomplete that the court is unable to pronounce definitely on presented issues or where parties have failed, for whatever reason, to produce available evidence material to a proper decision. Bodin v. Bodin, 392 So.2d 759 (La. App. 3rd Cir.1980).