PLOTKIN, Judge.
The plaintiffs, David Billings and Margery Freeman, appeal the trial court’s decision maintaining the exception of prescription in favor of the defendants, Robyn Hal-vorsen, A1 Olsen and Latter and Blum, Inc. We reverse and remand.
FACTS:
Margery Freeman and David Billings, plaintiffs in this matter, moved to New Orleans from New York in 1985. A1 Olsen, an agent with Latter and Blum Realtors, assisted the couple in acquiring a house. The plaintiffs sought to buy the residence at 637 Gallier St which was owned by Joe Michael. Robyn Halvorsen was Joe Michael’s real estate agent. Both Halvorsen and Olsen were agents associated with Latter & Blum Inc., a real estate company.
Prior to the act of sale, in order to acquire financing, the plaintiffs asked that a termite inspection be done on the premises. Initially Terminex was contracted to inspect the property. An inspection was made and termite infestation was found. Terminex recommended fumigating, or “tenting,” the entire building. Another opinion was sought by A & M Pest Control *752 Services, Inc. (A & M) d/b/a/ “Miller the Killer.”
The plaintiffs moved into the downstairs apartment of the building while awaiting the final sale of the property. During their occupancy of the downstairs apartment they saw no signs of termite infestation. On August 21, 1985, Joe Dufour, an exterminator with A & M, conducted an inspection of the building finding termite infestation on the second floor and on the left and right sides of the house. He assured the plaintiffs that he would be able to take care of any termite problems they may have. Treatment followed.
On September 17, 1985, the plaintiffs received a certificate from A & M assuring them that the premises had been “termite proofed.” On September 18, 1985, the plaintiffs concluded the act of sale with Joe Michael. On September 24, 1985, the renters of the upstairs apartment moved out and the plaintiffs were allowed to fully inspect the premises. The plaintiffs viewed the apartment and saw live termites coming through the floor. The plaintiffs requested that this situation be remedied and further treatments were undertaken. However, the subsequent treatments did not eradicate the problem.
On September 16, 1986, the plaintiffs filed suit naming as defendants the owner, Joe Michael, the agent, Robyn Halvorsen and A & M Pest Control Services. The plaintiffs alleged in their original petition that the termite infestation was known to the defendants at the time of purchase and was concealed from them. The plaintiffs sought rescission of the sale or alternatively a reduction in the purchase price. Later, defendant Halvorsen was dropped from the suit without prejudice.
In 1990 a second amending petition was filed attempting to add as defendants A1 Olsen, Latter & Blum, Inc., various insurers and to re-instate Robyn Halvorsen as a defendant. The plaintiffs reasserted the allegations in their original petition and further alleged that the house possessed numerous leaks which allowed rain to enter the building. Additionally, the plaintiffs alleged that Halvorsen, Olsen and Latter & Blum knew, or should have known, of the termite infestation and leaks and should have informed them. Their failure to do so amounted to negligent misrepresentation.
An exception of prescription was filed by Latter & Blum, Halvorsen and Olsen claiming that the action for negligent misrepresentation had prescribed one year after the sale of the property. The trial court maintained the exception dismissing all three from the suit. The plaintiffs appealed the dismissal to this court.
DISCUSSION:
The interruption of prescription against one solidary obligor is effective against all solidary obligors. La.Civ.Code Ann. art. 1799 (West 1992). Once prescription is interrupted against a party it continues for the pendency of the suit. La.Civ. Code Ann. art. 3463 (West 1992); Louviere v. Shell Oil Co., 440 So.2d 93 (La.1983). In the case of solidary liability, new defendants may be added at any time prior to the dismissal of the suit. Chalstrom v. Desselles, 438 So.2d 215 (La.App.4th Cir.1983). In Provident Life and Accident Insurance Co. v. Turner, 582 So.2d 250 (La.App. 1st Cir.1991), the First Circuit stated the following:
Where a well pleaded petition alleges facts that, if taken as true, lead to solidary liability between a defendant raising an exception of prescription and a timely sued defendant, the allegedly untimely petition relates back to the timely filed petition, and the plaintiff is entitled to have his case heard as against the exceptor on the merits. Pearson v. Hartford Accident & Indemnity Company, 281 So.2d 724, 726 (La.1973); Levron v. Bonin, 448 So.2d 211, 213 (La.App. 1st Cir.1984); Fontenot v. O’Brien, 361 So.2d 298 (La.App. 1st Cir.1978); Patin v. Stockstill, 315 So.2d 868 (La.App. 1st Cir.1975). If during the course of the proceedings it turns out that under the facts actually proven, there is no solidary liability, then the plea should be maintained at that time. Pearson, 281 So.2d at 726.
Id. at 254.
Therefore, if the plaintiffs allege facts which, if proven, would lead to a *753 finding of solidary liability on the part of the newly added defendants, the granting of the exception of prescription must be reversed. Here the plaintiffs allege that Halvorsen, Olsen and Latter & Blum knew or should of known of the defects of the property and failed to warn them of these defects. Further, they allege that Halvor-sen and Michael, the owner, agreed to make any necessary repairs to weatherproof the premises. They also allege that had they known of the defects of the property they would have never bought the house. Each of the acts of the defendants caused the same damage: that the plaintiffs purchased a house which contained hidden defects. Therefore, if these allegations are proven true at trial, then solidary liability may be found to exist between the defendants. Furthermore, the trial court’s decision maintaining the exception of prescription must be reversed because there are facts alleged in the petition that, if proven true, would lead to solidary liability. The plaintiffs are entitled to an opportunity to prove that solidarity exists.
Accordingly, the maintaining of the exception of prescription is reversed and this case is remanded for further proceedings. The exception may be reurged after trial of this matter if the trial court’s findings on solidarity warrant same. All costs of these proceedings are assessed against the appel-lee.